**GRAHAM et al. v. POLICE JURY OF LIVINGSTON PARISH.**

No. 2102.

Court of Appeal of Louisiana. First Circuit.

April 10, 1940.

M. C. Rownd, of Springfield, for appellant.

Thos. E. Furlow, of New Orleans, for appellees.

DORE, Judge.

Plaintiffs, alleging that they are duly qualified electors for the Parish of Livingston, seek to mandamus the Police Jury for the Parish of Livingston to call an election throughout the said parish to determine whether or not the sale, manufacture, etc., of intoxicating liquors shall be permitted or be licensed in the parish.

Plaintiffs allege that in March, 1939, they filed with the Police Jury a petition signed by 2,321 persons, including themselves, requesting the Police Jury to call an election throughout the parish to determine whether or not the sale, manufacture, etc., of intoxicating liquors should be permitted or be licensed in the parish; that there was also filed with the said Police Jury a certificate of the Registrar of Voters for the said parish, showing that there were 6,060 voters in the parish and that the said petition had been signed by 1,674 qualified voters; that the Police Jury referred the petition and certificate to a committee for the purpose of ascertaining the correctness and legality of the same; and that, on April 12, 1939, the committee so appointed was granted further time in which to report on the petition and certificate.

Plaintiffs allege further that on April 20, 1939, the Registrar of Voters filed with the Police Jury a supplemental certificate showing that there were 4,759 qualified voters in the parish, of which 1,952 had signed the petition; that on May 10, 1939, petitions on behalf of 460 persons were presented to the Police Jury requesting the withdrawal of their names from the original petition filed with the Police Jury, but that no certificate from the Registrar of Voters was filed showing them to be qualified voters, and, as such, included in the 1,952 qualified voters as certified by the said Registrar.

Plaintiffs allege further that in June, 1939, the Police Jury refused to call the election; that the said petition showed more than twenty-five per cent. of the qualified and certified electors of the parish had petitioned for the said election, and that consequently the Police Jury had no alternative but to order the election.

The defendant Police Jury filed three exceptions, which were overruled by the trial judge. Thereafter, defendant answered, admitting the presentation and filing of the petition signed by 2,321 individuals requesting the said election, admitting the filing of the two certificates by the Registrar of Voters, and admitting its refusal to call the election. Defendant Police Jury denied, however, that either certificate of the Registrar of Voters correctly showed the number of qualified voters of the parish or of those signing the petition, and averred that the petition had not been signed by twenty-five per cent. of the qualified voters of the parish and for that reason it tabled the petition and refused to call the election.

After trial, the court ordered the writ of mandamus to issue, commanding the Police Jury to call and hold the election in accordance with law. Defendant Police Jury has appealed.

We find in the record proof of the petition containing the names of 2,321 persons requesting the Police Jury to call the election. We also find the two certificates of the Registrar of Voters, the first showing 6,060 as being the number of qualified voters of the parish of which 1,674 had signed the petition, and the second being in lieu and in correction of the first, showing 4,759 qualified voters of the parish of which 1,952 had signed the petition. We do not find any proof to the effect that the 460 persons who desired their names to be withdrawn from the original petition were duly qualified electors of the parish; the burden of so showing rested upon the defendant. However, it is obvious that even if these 460 persons were electors, and their names were withdrawn from the petition, there would still remain enough names on the petition to constitute twenty-five per cent. of the qualified electors, since twenty-five per cent. of 4,759, the number of qualified voters shown by the certificate of the Registrar, is 1,190, and striking these 460 names from the 1,952 signers shown by the said certificate would leave 1,492 qualified electors on the petition, or some 300 more than required.

The defendant-appellant, after being duly notified of the fixing of the case for argument and submission in this court, has failed to appear either by oral argument or by brief, thereby failing to point out any error, either in law or in facts, committed by the district court. After a careful review of the record, we do not find any error justifying a reversal, but on the con-

trary we find the judgment to be in accordance with the law and the facts.

The judgment appealed from is affirmed.