McINNIS, Judge.
On April 25, 1950, a referendum election was held in the Village of Bonita, Morehouse' Parish, Louisiana, to determine whether or not alcoholic beverages should be sold within the said Village all in accordance with the provisions of Act 372 of 1948, LSA-R.S. 26:583 et seq., at which three propositions were submitted to the voters, as follows: .
1. Shall the sale of beer containing more than 3.2% alcohol by weight and not more than 6% alcohol by volume be permitted?
2. Shall the sale of alcoholic beverages for consumption on the premises be permitted ?
3. Shall the sale of alcoholic beverages by the package only and not -for consumption on the premises he permitted,?
The election resulted in the following vote:
Proposition No. 1. For 74 Against 76
Proposition No-. 2. For 72 Against 78
Proposition No. 3. For 66 Against 84
Plaintiffs alleging various irregularities in the calling and holding of the election filed this suit praying that the election be decreed null, void and of no effect, and that their right to seek an injunction be reserved.
After answer filed and trial on the merits there was judgment for defendant, from which plaintiffs took suspensive and de-volutive appeals to the Honorable Supreme Court.
On motion by defendant, appellee, suggesting that the Honorable Supreme Court is without jurisdiction of the appeal, the appeal was transferred to this court. 220 La. 336, 56 So.2d 567.
The then district judge, now a member of this court, has favored us with written reasons for his judgment, in which he has discussed all the issues raised by the plaintiffs, and in our opinion, has correctly resolved the issues, and we adopt his reasons for judgment. These reasons are as follows:
“Plaintiffs are qualified electors of the Village of Bonita wherein they own and operate businesses where intoxicating beverages are sold. They bring this suit to set aside an election held in Bonita on April 25, 1950 held pursuant to Act 372 of •1948 (popularly known as the “Local Option Law”), alleging that the aforementioned statute was violated to their prejudice in the following respects :
“First, the adoption of the ordinance was less than thirty days from the date of filing of the petition of the electors as certified by the Registrar of Voters;
“Second, the ordinance calling the election was not advertised in the Morehouse Parish Enterprise, the official journal of the Parish of Morehouse;
“Third, the certificate of the Registrar of Voters was not notarized, and
“Fourth, but in the alternative, it is alleged three named individuals who voted against one of the propositions were not residents and electors of the Village of Bonita and if their votes were stricken such proposition (Proposition No. 1 as set forth in section 3 of Act 372 [LSA-R.S. 26:587]) would have carried by a majority vote.
“The alternative plea has failed for want of proof and will not be further discussed herein.
“The suit was timely brought within the requirement of Section 10 of the Act [LSA-R.S. 26:590], that is within *161 thirty days from the promulgation of the results.
“This same section of the act provides that if the petition fails to substantially comply with the requirements therein provided, or if the other requirements specified for the calling or conduct of such elections are not substantially complied with, the election shall be illegal and may be declared so by courts of proper jurisdiction.
“The attack on the adoption of the ordinance is affected by Section 9 of Act 372 [LSA-R.S. 26:586], the pertinent provisions of which state:
“ ‘* * * The.ordinance or resolution * * * ordering the election shall be adopted at a regular meeting held not less than thirty (30) nor more than forty-five (45) days from the date the petition was filed by the registrar of voters with said governing authority. The governing authority * * * shall remove the name of any signer of the petition if requested to do so in writing within thirty (30) days of the date the petition was filed with such governing authority by said registrar of voters. ■
“ ‘The date fixed for the election shall be not more than sixty (60) days from the date of the adoption of the ordinance or resolution ordering the election.’
“The record indicates that C. L. Ginn, one of the plaintiffs in this suit, was also Mayor of Bonita at all times herein mentioned. The petition of voters requesting the election was certified January 28, 1950 and by the registrar of voters mailed to Mr. Ginn as mayor whose brother signed a post office receipt for same on January 31, 1950. The mayor, however, did not present the petition and certificate to the board of aldermen until February 7, 1950, at which time action was taken by motion to the effect ‘the petition was accepted for consideration’.
“The statute fails to specify the manner in which the registrar of voters shall file the petition as certified with the governing body. Section 8 [LSA-R.S. 26:585] simply states:
“ ‘He shall file the petition, with his sworn verification, with the governing authority charged with the duty of calling the election.’
“No good reason is suggested why the receipt of the petition on or about January 31, 1950 did not constitute a substantial compliance with the requirement as to filing with the governing body in as much -as the mayor is the chief executive thereof and vested with broad powers in the handling of such administrative duties.
“But arguendo, if February 7, 1950 be conceded as the filing date we say that the lapse of 28 days from February T, 1950 was not a substantial compliance with the statute requiring ‘The ordinance or resolution of the governing authority ordering the election shall be adopted at a regular meeting held not less than thirty (30) nor more than forty-five (45) days from the date the petition was filed *■ * *. (Italics mine.)
“The Village of Bonita derives its governing powers from- the Lawrason Act (Act 1898 No. 136, see Dart’s Gen. Statutes, § 5429) which as amended provides inter alia that the mayor and board of aldermen ‘shall hold not less than one regular meeting in each month on a date, and at a place and hour, to be fixed by ordinance.’ [LSA-R.S. 33:405.] (Italics mine.) The mayor and board of aldermen of Bonita regularly meet but once each month which time is fixed by ordinance as the first Tuesday of the month. Consequently, had the' adoption of the ordinance of March 7 been deferred until April 4, 1950, more than 45 days from February 7th would have elapsed after February 7. As April 4, 1950 would have been the next regular meeting a conflict with Section 8 of Act 372 was inescapable. It is to be presumed the legislature intended its act to be workable and such provisions should be so construed. Apparently this dictated the action of the governing body on passing the ordinance of Márch 7, 1950, and in my opinion the action so taken constituted a substantial compliance with the statute.
*162 “The prejudice alleged is that had the passage of the March 7th ordinance been delayed for the full 30' days or longer, plaintiffs believe that they would have reduced signatures to the petition below the statutory twenty-five percent of the qualified electors. The registrar of Voters certified the total number of qualified voters for the Village of Bonita to be 152 and the number of genuine signatures of qualified electors on the petition as 59. Through March 7, 1950 withdrawals reduced the latter figure to 44. Seven additional withdrawals were needed to bring the number of petitioning electors below 25% of the total electorate. No evidence was offered that other petitioners desired or requested the withdrawal of their names after March 7th. Section 9 oí Act 372 [LSA-R.S. 26:586] expressly provides:
“ ‘The governing authority * * * shall remove the name of any signer of the petition if requested to do so in writing within thirty (30) days of the date the petition was filed * * * \
“Thus by assuming February 7th as the filing date the withdrawals could legally be made for 30 days after February 7th despite the adoption of the ordinance on March 7th. The first objection to the election is without merit.
“Plaintiff’s second objection, that the ordinance of March 7th was not published in the official journal of the Parish, rests upon Section 5 of Act 372 [LSA-R.S. 26:588, 26:589] which provides the election ‘shall be conducted as nearly as possible in accordance with the election laws of the state * * *’. No actual newspaper publication of the time of the election was had. Notice of the election was in the usual manner, by posting in public places. Fraud or irregularities are not charged. Plaintiffs admit in their petition, 150 of the 152 electors so qualified on January 5, 1950 cast their ballots in the election. Other than Section 3 of Act 224 of 1940 [LSA-R.S. 18:545], the so-called ‘General Election Law’, no requirement that notice of the election be officially published has been pointed out. Section 3 stipulates fifteen days’ notice of every general election in the official journal shall be given by the Board of Supervisors of Elections, but such requirement is qualified to the extent that default by the Board to issue said proclamation shall not vitiate an election when held. That such a large percentage of the electorate cast their votes makes it clear that publication in the official journal would not have had an appreciable effect upon the number voting. The contention of plaintiffs upon this ground is insufficient to set aside the election.
“Thirdly, it is shown by the evidence that the signature of the registrar of voters was not notarized as directed by Section 8 of Act 372. In all other respects the certificate of the official complies with statutory instructions. Fraud or deceit is not charged or suggested and the most that can be accomplished in case of such an omission would be to require verification of a signature that is accepted by both sides as genuine. If the records of the registrar of voters or the certified facts of said official were in question the issue would have merit, but certainly this is not true in the light of the evidence in this case.
“Considered as a whole the case does not present sufficient grounds to justify this court in holding there was not a substantial compliance with the requirements of Act 372 of 1948, hence plaintiffs’ demands are dismissed at their costs.
“(signed) Edward L. Gladney, Jr.
“Judge”
Careful study of the record and briefs convinces us that the conclusion of the district judge that Act 372 of 1948 was substantially complied with is correct. If the Legislature had intended that the Act must be literally complied with it would have so provided.
For these reasons the judgment appealed from is affirmed at the cost of plaintiffs, appellants in both courts.-
GLADNEY, J., recused.