GLADNEY, Judge.
Appellants, electors of and retailers of alcoholic beverag-es in Ward 2, Webster Parish, outside of the incorporated municipalities of Springhill and Cotton Valley, bring this suit to obtain judgment against the Police Jury, the District Attorney, the Sheriff and Registrar of Voters in and for said parish, invalidating a local option election and decreeing Ordinance No. 435, adopted by the Police Jury on January 6, 1953, to be without effect. Injunctive relief was sought to restrain the institution of criminal or civil proceedings for the purpose of enforcing Ordinance No. 435 prohibiting the sale of beverages of alcoholic content in the unincorporated portion of Ward 2, as provided in said ordinance.
The appeal to this court is from a judgment rendered after a trial on the merits of appellants’ cause and which rejected plaintiffs’ demands. Relevant facts'were agreed by the. parties, leaving for our resolution certain legal, issues directed against the legality of the election and Ordinance No. 435. These are to the effect the election held on December 23, 1952 was illegal in that the local option statute LSA-R.S. 26: 581 was not substantially complied with, as: First, the petition called for an election in Ward 2, whereas the Police Jury called an election for only the unincorporated part of the ward; Second, the petitions called for an election in Ward 2, but did not contain twenty-five per cent of the qualified electors of Ward 2; and, Third, that the Police Jury attempted to call an election in the unincorporated portion of a ward.
The first objection can benefit appellants only if it be held that LSA-R.S. 26:581-26:595 permits an election to be called and held in an unincorporated part of a ward. Section 583 of the statute does not require strict compliance. In our opinion the objection is valid only when injury can be shown or if taken advantage of pri- or to the election. Appellants have not shown the error deprived any electors of the right to cast their vote in the election or otherwise caused substantial detriment to their cause. It was properly disposed of by the judge a quo.
The second contention is dependent upon our answer to the third proposition which is to be found in McGee v. Police Jury of Caddo Parish, La.App., 66 So.2d 408.
The conclusion reached by us requires that the judgment be reversed. It is considered unnecessary, however, in the rendition of the judgment herein to act upon that portion of plaintiffs’ prayer seeking injunctive relief. In declaring the election invalid the resolutions of the Police Jury based thereon are without legal efficacy.
It is therefore ordered that the judgment from which appealed be, and the same is hereby reversed, annulled and set aside and it is further ordered, adjudged and decreed that there be judgment in favor of plaintiffs, A. K. Tuggle, W. B. Brown, and Edward R. Slack, and against the defendant Police Jury of Webster Parish, Louisiana, J. D. Batton, Sheriff of Webster Parish, and Louis H. Padgett, Jr., District Attorney in and for Webster Parish, Louisiana,, declaring the resolution of the said Police Jury adopted on November 4, 1952, calling, ordering and fixing an election for Ward 2, outside the corporate limits of the Towns of Springhill and Cotton Valley, in Webster Parish, to vote on whether or not alcoholic beverages can be sold therein, and any and all other resolutions pertaining to-the said election, and Webster Parish Ordinance No. 432, adopted on January 6,. 1953, to be illegal, null and void.
As provided for in LSA-R.S. 13:4521, the political subdivisions named' defendants in this suit are not required to' pay court costs in a judicial proceeding with the exception of stenographer’s costs-for taking the testimony. It follows, therefore, that the Police Jury of Webster Parish should pay only the stenographer’s-costs incurred herein.