TATE, Judge.
This is a mandamus suit to compel the ordering of a local option election to permit the sale of alcoholic beverages within Ward Six of Grant Parish. The defendant police jury refused to order the election on the ground that, allegedly, the petition presented to it by a number of the qualified electors of the Ward did not comply with the statutory requirements and was not properly verified by the Registrar of Voters. The trial court sustained this contention and dismissed the suit. The plaintiff, who is a signer of the petition and a resident of Ward Six, therefore appeals to this court.
Under the provisions of Chapter 3 of Title 26 of the Louisiana Revised Statutes (LSA-R.S. 26:581 et seq.), upon the petition of not less than twenty-five per cent of the qualified voters residing in any ward, a police jury is required to order a referendum election within such ward to determine whether or not the sale of alcoholic beverages shall be permitted. LSA-R.S. 26:582. The statute states that: “If the petition conforms to all the provisions of this Chapter, the governing authority shall order the election”. LSA-R.S. 26:586. When a valid petition for a local option election verified by the registrar of voters is presented to the police jury, it is mandatory under the statute for that body to order an election. Felder v. Police Jury of Livingston Parish, 207 La. 550, 21 So.2d 724; Cavanaugh v. Vernon Parish Police Jury, La.App. 1 Cir., 173 So. 468.
Relying on the statutory statement that the petition must conform to “all” provisions of the statute, very able counsel for the defendant police jury contends that the jury was under no mandatory duty to order the local option election in this instance because of certain defects or irregularities in the petition presented to it, as well as in the registrar’s verification thereof.
The substantial question of this appeal concerns whether these defects or irregularities were such as to excuse from the police jury from its otherwise mandatory duty under the statute to call an election.
In the present instance the Registrar of Voters certified that there were 412 qualified voters of Ward Six as of the date of the filing of the petition. The Registrar further certified that she “has checked each signature on said petition for its genuineness by comparing the signature on the petition with the signature of the same person on the registration rolls; that the total number of genuine signatures of qualified electors on the petition is 139.”
The defendant-appellee questions 18 of these signatures as apparently not complying with the mandatory statutory require *768 -ment that the signature, address, and date ■be in the handwriting of each petitioner (unless he cannot sign his name, in which •case he shall affix his “X” mark).[1]
We will not discuss the contentions as to the alleged invalidity of these 18 signatures. For, even striking out those ■questioned, the petition contains 121 valid signatures, or at least 18 in excess of the minimum number required by statute (103— being twenty-five percent of the 412 registered electors of the ward). Thus, in our •opinion, the petition with the valid signatures, dates, and addresses of more than twenty-five per cent of the qualified electors •of the ward is in substantial compliance with the statutory requirements for a local •option petition. See LSA-R.S. 26:582, 583.
We hold therefore that the petitioners have a statutory right to the ordering of a local option election, in which the will of the people of the.ward may be expressed as to the question at issue. For a local option petition and election is valid despite irregularities or defects in the procedure followed, providing that there is substantial compliance with the statutory requirements therefor. Hollan v. Police Jury of Webster Parish, La.App. 2 Cir., 134 So.2d 132; Cartwright v. Police Jury of Bossier Parish, La.App. 2 Cir., 106 So.2d 842; McGee v. Police Jury of Caddo Parish, La.App. 2 Cir., 66 So.2d 408, (aff’d on other grounds, 225 La. 471, 73 So.2d 424); Tuggle v. Police Jury of Webster Parish, La.App. 2 Cir., 66 So.2d 414 (aff’d on other grounds, 225 La. 490, 73 So.2d 431); McCrary v. Police Jury of Caddo Parish, La.App. 2 Cir., 66 So.2d 416 (aff’d on other grounds, 225 La. 489, 73 So. 2d 431); Ginn v. Village of Bonita, La.App. 2 Cir., 62 So.2d 159.
See LSA-R.S. 26:583, providing that the petition shall be “in substantially the following form”; LSA-R.S. 26:590, providing that a local option election is illegal “if the petitioner fails to substantially comply with the requirements provided” by the statute. See also: 29 C.J.S. Elections § 69; 18 Am. Jur. “Election” § 103.
 It has also been held that a petition for a local option election is valid if, after striking any invalid signatures from it, there are nevertheless enough valid signatures remaining to satisfy the minimum number required by statute. Waggoner v. Grant Parish Police Jury, 203 La. 1071, 14 So.2d 855; Graham v. Police Jury of Livingston Parish, La.App. 1 Cir., 195 So. 79; Cf., Shaw v. Police Jury of Beauregard Parish, 202 La. 774, 12 So.2d 810. Further, when a petition is filed with the police jury and has been certified by the registrar as containing a sufficient number of valid signatures so as to entitle the petitioners to a local option election, the opponents to the petition have the burden of proving that the signatures or their number are not sufficient because of defects or timely withdrawals. Graham v. Police Jury of Livingston Parish, cited above.
As a further contention, the defendant-appellee questions the Registrar’s sworn verification as invalid, because, having certified all 139 signatures on the petition as the genuine signatures of qualified electors of the ward, the Registrar did not in addition certify to the number of mvalid signa *769 tures she found on the petition [i. e., none], as required by LSA-R.S. 26:585(7). However, the primary purpose of the registrar’s certification as to the number of genuine signatures is to furnish to the police jury the number of qualified electors of the ward, as well as the number of qualified electors who have signed the petition in their own handwriting or by mark, so that the police jury may then determine whether or not twenty-five percent of the electorate has petitioned for the election. The present Registrar’s verification contains this information and substantially complies with the statutory requirements in this regard (see LSA-R.S. 26:585).
Finally, we note the suggestion of able counsel that some of the police jurors may have felt that some of the registered voters of the ward who had signed the petition, did not actually live in Ward Six any more. Aside from the fact that no evidence was produced concerning this contention, it is well settled that an elector’s qualifications may not be thus collaterally attacked. State ex rel. Langridge v. Harris, La.App. 4 Cir., 138 So.2d 197, certiorari denied, and the authorities cited therein. See also Timberlake v. Lindsey, La.App. 3 Cir., 140 So.2d 406.
We therefore feel that the petition and verification herein were in substantial compliance with the requirements of the local option election statute, LSA-R.S. 26:581 et seq. The defendant police jury was thus under a mandatory duty to call an election in accordance with the petition presented to them by the residents of Ward Six of Grant Parish. The police jury ordinance or resolution ordering the election should have been adopted at a regular meeting held not less than thirty nor more than forty-five days from the date of the filing of the petition, with the date for said election to be fixed not less than forty-five nor more than sixty days from the date of the adoption of the resolution for said election. LSA-R.S. 26:586.
For the foregoing reasons, the judgment of the trial court is reversed. Accordingly, it is ordered that a writ of mandamus issue herein addressed to the Police Jury of Grant Parish, through its President, directing the said police jury to call a local option election for Ward Six (6), Grant Parish, in accordance with the prayer of the plaintiff’s petition and the provisions of LSA-R.S. 26:581 et seq. It is further ordered that said police jury shall order said election at a regular meeting held not less than thirty (30) nor more than forty-five (45) days from the date of finality of this judgment, and that the date fixed for said election shall be not less than forty-five (45) nor more than sixty (60) days from the date of the adoption of the ordinance or resolution ordering it. The defendant-appellee is taxed with reporter’s costs of taking testimony but, as a public body, is exempt from all other court costs, LSA-R.S. 13:4521.
Reversed and Rendered.

. See LSA-R.S. 26:683, which provides in part:
“ * * * Each petitioner shall sign his name in his own handwriting and shall write his address and the date on which he signed, otherwise his signature shall he null and void. If an elector cannot sign his name because of age or physical condition, he may have his name and address and the date written by another and shall affix his ordinary ‘X’ mark in the presence of two competent electors, who shall sign their names as witnesses to the mark.”
For instance, it is charged that: the signatures of husband and wife in several instances appear to be in the same handwriting ; the dates and addresses appear to be in the same handwriting following the signatures of three petitioners with the same surnames ; three signatures were each witnessed by two witnesses, but the petitioners in question themselves did not affix their ordinary ‘X’ marks;' etc.”