DOMENGEAUX, Judge.
Alleging a number of irregularities in the procedures leading up to it, plaintiffs filed this suit to have a “Local Option Stock Law Election” held in Ward 11 of Rapides Parish, Louisiana, nullified and set aside, and for injunctive relief. Although defendants filed an exception of no cause of action the record shows no ruling thereon. A Stipulation of Facts was entered into by and among the parties and the matter was tried on the merits at the hearing on the rule for a preliminary injunction. The district judge then rendered judgment dismissing plaintiffs’ suit at their cost and they perfected an appeal to this court.
The relevant statutory law is to be found in LSA-R.S. 3:3001-3014, and more particularly in LSA-R.S. 3:3008-3010. Those three statutes read as follows:
§ 3008. Petition for elections; notice of election
Upon the petition of twenty-five per cent of the qualified electors or one hundred qualified electors, whichever is less, in any ward of any parish of the state the governing authority of the parish in which the ward is situated shall, within sixty days of date of filing said petition, order and set the date for an election which said election shall be held not more than sixty days from the date on which same is ordered. Notice of said election shall be published in the official journal of the parish in which the ward is located, at least once a week for four consecutive weeks, the first publication of which shall be not less than thirty days prior to the date of said election. All elections provided for in this Part shall be at the expense of the parish in which the ward calling the election is situated.
§ 3009. Contents and requisites of petition
A. The petition for a referendum election shall be addressed to the governing authority of the parish in which the ward is situated and shall state in essence that the signers thereof request that an election be called to submit to the qualified electors of the ward the proposition of prohibiting any or all of the species of livestock enumerated in R.S. 3:3001 from roaming at large on the public highways of said ward.
B. The petition shall be signed by twenty-five per cent of the electors or one hundred qualified electors, whichever is less, of the ward qualified to vote on the date on which the first signature is attached to the petition and shall state the date of signing and the address of each signing elector.
*152 C. Said petition shall also state the species of livestock which it is proposed to prohibit from roaming' at large on the public highways of the ward in which the election is to be held.
§ 3010. Filing of petition with registrar of voters
The petition for such local option election shall be filed with the registrar of voters of the parish in which the ward is situated within sixty days of the date of the first signature affixed thereto and when so filed shall become a permanent public record.
Plaintiffs argue that the stipulated facts and exhibits in the record demonstrate that the petition which initiated the electoral process herein involved was not in compliance with the above quoted statutes. Based on that premise it is essentially their position that the election must' fall because it was based on a jurisdictionally invalid petition.
Initially they attack the petition on the ground that its wording differed from that of the statute of controlling it, LSA-R.S. 3:3009. The petition read thusly:
PETITION
TO: RAPIDES PARISH POLICE JURY
We, the undersigned citizens and residents of Ward 11, Rapides Parish, Louisiana, do hereby request that the Rapides Parish Police Jury call a local option election giving the people of Ward 11 the opportunity to vote either for or against a law prohibiting the running at large of all livestock within the confines of Ward 11.
We note that the statute in question merely requires that the petition “state in essence” that which is desired. Thus we cannot accede to plaintiffs’ argument that because the petition referred simply to “ . . . all livestock within the confines of Ward 11.” it was not in substantial compliance with the law. It is our opinion that the petition fairly appraised the signatories thereto of its meaning and the police jury of their request.
Likewise we see no merit in plaintiffs’ allegation that the petition was defective because the proposition posed was written only on the first page thereof, as there is no requirement in the law governing local option stock law elections that such petitions contain the proposition on each and every page that bears signatures.
We might add in reference to the two points treated above that the ballot which was eventually voted on followed the wording of the statutes in punctitious de- • tail. As we said in Hollan v. Police Jury of Webster Parish (La.App. 2nd Cir., 1961) 134 So.2d 132:
It may be expected that some irregularities will appear in connection with any election, yet the rule of law is that an election will not be invalidated unless the irregularity is of a substantial nature.
Turning now to the more serious contentions of plaintiffs we treat first the fact that less than one hundred of the signatories to the petition wrote thereon the date on which they signed. The petition contains a total of one hundred eighty-three names of which one hundred twenty-nine were certified by the Registrar of Voters. Of the one hundred twenty-nine who were certified eighty-five wrote in the date of their signature, thus in the case of fifteen of the required one hundred names there was not a strict adherence to the terms of the statute. We do not, however, find this to be a fatal defect. The relatively small number of certified signatories who did not write in the date of their signature did include their address, and additionally it is clearly evident from an examination of the petition that all of the names were affixed thereto in chronological order. The statute (R.S. 3:3009) does not require that each signatory personally *153 write in the date on which he signed, but merely directs that the petition “ . state the date of signing and the address of each signing elector.” Eighty-five percent of the required number of petitioners wrote in the dates on which they signed. Those dates are found at the beginning, at the end, and intermingled throughout the petition, showing the chronological sequence of signing and therefore affording an excellent indication of when the few who failed to affix the date, placed their signatures thereon. We are not inclined to seize upon such a technicality to invalidate an election and defeat the wishes of the majority of the people, nor does the jurisprudence, as will be shown infra, indicate that we should.
Finally, plaintiffs complain that the petition was not filed with the Registrar of Voters within sixty days of the date of the first signature and argue that it was therefore invalid under the provisions of LSA-R.S. 3:3010.
The first signature on the petition is dated May 30, 1972, and the stipulation of facts states that the petition was presented to the Secretary-Treasurer of the Rapides Parish Police Jury on or after August 9, 1972. On August 16, 1972, the Registrar of Voters formally certified one hundred twenty-nine of the signatures on the petition, presumably after it had been transferred to him by the Police Jury. The petition was therefore shown to have been filed some eleven days late.
The purpose of requiring that the petition be filed within sixty days of the date of the first signature is obviously to prevent the potential abuse of the local option laws that would exist if persons were permitted to draw up petitions and then hold them for an indefinite period of time until they could secure the necessary number of signatures. Further evidence of the legislature’s intent to limit activities of this sort is found in LSA-R.S. 3:3007 which specifies that such elections may not be had in the same ward oftener than once a year. In this connection we note that the last signature appearing on the petition bears the date of July 26, 1972, which shows that all of the signatures were affixed well within the sixty day limitation. True, the statute is worded in such a way as to state that sixty days is the time alloted for presentation of the petition, but in view of the clear intent of the legislature, we do not think that a delay of eleven days is a defect of sufficient gravity as to justify judicial interference with the outcome of the election.
There are no Louisiana cases reported interpreting the statutes which we consider herein, but there are cases dealing with such other local option laws as those controlling the traffic in liquor. Plaintiffs cite such a Louisiana case in support of their view of the foregoing issues, it being Holland v. Police Jury of Vernon Parish, (La.App. 1st Cir. 1952) 56 So.2d 583. That case dealt with an exception of no cause of action which had been sustained by the district court. The Court of Appeal reversed, finding that the petition, which contained, inter alia, some allegations similar to those made in the instant case, in fact stated a cause of action.
Initially we note that there is a distinction between stating a cause of action and proving one’s case, and in Holland the court was dealing with the former while here we are dealing with the latter. Additionally the defects alleged in Holland were of substantially greater magnitude than those proved in the case at bar. For example, it was alleged in Holland that over fifty per cent of the signatures on the petition, that had been certified by the registrar of voters, were in fact invalid. Here the figure is a mere fifteen per cent. It was alleged in Holland that the Police Jury waited twenty-five days over the time limit alloted to it to call the election. Here the petitioners were some eleven days late in filing their petition. But most importantly, it appears that some of the language contained in Holland runs contrary to the views of our Supreme Court as hereinafter *154 set forth. Primarily for that reason but also because of the other distinctions noted, and in accordance with the general rule of law that each case must be adjudged on its own merits, we do not feel that the Holland case is decisive of the situation now before us.
Plaintiffs also cite a number of cases from other states which while persuasive, are not binding on this court. Those cases generally provide support for the plaintiffs position, but they by no means establish a universal rule of law. The Florida courts, for example, have held otherwise.
In the case of Pearson v. Taylor, 159 Fla. 775, 32 So.2d 826, the Supreme Court of Florida was faced with a situation in which the plaintiff sought to annul a local option election in which it had been decided to prohibit the sale of intoxicating liquor in LaFayette County, Florida. As here, an agreed statement of facts was entered into between the parties. That stipulation revealed that less than the requisite number of voters (25%) had signed the petition to hold the election, and for that reason the lower court had declared the election null and void. In reversing the lower court and upholding the validity of the election the Supreme Court of Florida wrote thusly :
The aggrieved party cannot await the outcome of the election and then assail preceding deficiencies which he might have complained of to the proper authorities before the election.
A similar view was earlier expressed by our own Supreme Court in the case of Drew v. Town of Zwolle, Sabine Parish, 185 La. 867, 171 So. 59. There the plaintiff, who likewise was seeking to have a local option election declared null and void, and injunctive relief, alleged that the Police Jury did not have custody of the petition to call the election when it did so, certainly a far more grievous defect than filing the petition late, as the law under which the election was called (Act No. 17 of the First Extraordinary Session of the Legislature for 1935) permitted the calling thereof only on the authority of the petition. In refusing to set aside the election the Supreme Court said that:
. while the failure to formally file the petition with the governing authority of the town might have been grounds for enjoining the holding of the election, on which question we do not express any opinion, nevertheless we will not reverse the will of the majority of the people on a mere technicality, urged only after the election proved to be unfavorable to relatrix.
Our own Supreme Court, then, as well as others, has expressed the view that one may not successfully challenge local option elections which result unfavorably to him on the grounds of technicalities that could have been raised prior to the election. Such, we opine, is the situation in the case at bar. No allegation is made of any irregularities in the election itself, nor are the procedures leading up to it, after the filing of the certified petition with the Police Jury, complained of. Under these circumstances, and in view of the above cited jurisprudence, we shall not defeat the will of the majority of the people of Ward 11 of Rapides Parish, expressed in a valid and proper election, because of the type of defects in the preliminaries leading up to that election complained of herein.
On the hearing of this case we granted a stay order, pursuant to our general supervisory jurisdiction, and on the joint motion of all parties, staying and suspending all proceedings relative to the instant case in the Ninth Judicial District Court for the Parish of Rapides, for a period of sixty (60) days from the date that the judgment to be rendered in this case becomes final. That order is reiterated herein.
For the above and foregoing reasons the judgment of the district court is affirmed at the costs in both courts of plaintiffs-appellants.
Affirmed.