DOUCET, Judge.
This is a companion case consolidated for trial with Rachal v. Natchitoches Parish Police Jury, 370 So.2d 185 our docket No. 7053. Separate decisions in these cases are being rendered by us this date.
On September 8,1978, plaintiff petitioned the district court for preliminary and permanent injunctions, prohibiting the Natchi-toches Parish Police Jury from holding a “Local Option Stock Law Election” scheduled to be held on September 16,1978. The basis for his complaint was certain irregularities which he alleged to exist in the voters’ petition for the election. An adversary proceeding between plaintiff and the police jury was held on September 13, 1978, after which his request was denied. Plaintiff perfected a devolutive appeal from that judgment (our docket number 7053) and the election proceeded as planned. Subsequent to the election, he brought this suit to have the election declared invalid. The district court again declined to grant the relief prayed for, and he has appealed.
The first irregularity in the petition which plaintiff complains of concerns its verification by the Natchitoches Parish Registrar of Voters showing that it was signed by the number of voters required by LSA-R.S. 3:3009(B), which provides:
“B. The petition shall be signed by twenty-five percent of the electors of the ward qualified to vote on the date on which the first signature is attached to the petition and shall state the date of signing and the address of each signing elector.” (Emphasis added)
The date on which the first signature was attached was May 10, 1978, as evidenced by the petition. The Registrar inserted June 13, 1978 in the blank left in the form he used for verifying the petition as the date on which the names were verified. However, prior to the election, he sent a letter to the police jury in which he stated that the June 13th date was an error and that it was actually meant to be May 10,1978. He testified to the same effect at trial. That testimony stands uncontradicted and unim-peached in the record. Under these circumstances, we believe that the names were verified as of May 10, 1978 as required by the statute.
The next irregularity alleged by plaintiff is that the petition does not conform to LSA-R.S. 26:583 in that the language on the first page does not appear at the top of each subsequent page. LSA-R.S. 26:583 prescribes the form which must be used for a petition for local option elections permitting the sale of alcoholic beverages. Although a reference to this provision appears on one area of the blank form used by the registrar to verify the petition, he was not bound by its requirements, since they do not appear in the law governing local option stock law elections. Crews v. Cappell, 277 So.2d 150 (La.App. 3rd Cir. 1973), writs denied, 279 So.2d 695 (La.1973).
Plaintiff also complains that the language at the top of the petition does not specify which species of livestock are to be prohibited from roaming at large. The language referred to reads as follows:
“Please be advised that the undersigned qualified electors of Ward four (4), Natchitoches Parish, Louisiana, hereby request that an election be called pursuant to the requirements of R.S. 3:3001, et seq., to submit to the duly qualified electors of the said Ward Four (4), Natch-itoches Parish, Louisiana, the proposition of prohibiting any species of horses, mules, cattle, swine, sheep, or goats from roaming at large on the public highways of said ward.”
It is apparent from the above language that this complaint is totally without merit.
Finally, plaintiff alleges that various irregularities existed in the manner in which the names on the petition were compared with those in the registrar’s book and determined to be genuine. In Fuller v. Police Jury of Grant Parish, 144 So.2d 766 (La.App. 3rd Cir. 1962), this court stated:
*185 “It has also been held that a petition for a local option election is valid, if, after striking any invalid signatures from it, there are nevertheless enough valid signatures remaining to satisfy the minimum number required by statute. Waggoner v. Grant Parish Police Jury, 203 La. 1071, 14 So.2d 855; Graham v. Police Jury of Livingston Parish, La.App. 1 Cir., 195 So. 79; Cf., Shaw v. Police Jury of Beauregard Parish, 202 La. 774, 12 So.2d 810. Further, when a petition is filed with the police jury and has been certified by the registrar as containing a sufficient number of valid signatures so as to entitle the petitioners to a local option election, the opponents to the petition have the burden of proving that the signatures or their number are not sufficient because of defects or timely withdrawals. Graham v. Police Jury of Livingston Parish, cited above.”
While plaintiff did elicit testimony from the registrar of voters, suggesting that certain signatures on the petition might not have been properly scrutinized, he did not show that a sufficient number of the signatures were defective to establish that the petition did not contain the requisite number of signatures.
For the above reasons, we hold that the district court was correct in denying plaintiff’s request for injunctions and refusing to declare the election invalid. We note that our decision today is in line with prior jurisprudence establishing that even when irregularities do exist in the petition on which a local option election is held, the election will not be declared invalid when there has been substantial compliance with the governing statute. Crews v. Cappell, supra; Boykin v. Desoto Parish Police Jury, 359 So.2d 239 (La.App. 2nd Cir. 1978); Fuller v. Police Jury of Grant Parish, supra; Hollan v. Police Jury of Webster Parish, 134 So.2d 132 (La.App. 2nd Cir. 1961); Ginn v. Village of Bonita, 62 So.2d 159 (La.App. 2nd Cir. 1952).
For these reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.