Dear Mr. Roberson:
This office is in receipt of your request for an Attorney General's opinion regarding petitions for a special proposition election in municipalities to change from an elected to an appointed chief of police (marshal). You seek an opinion on the following procedural questions:
 1. To whom should the municipalities submit the `wording' of the petition concerning the proposed change?
 2. What information will be required from the voters such as signature, address, etc. and will this information be the same as recall petitions with the addition of date of birth?
 3. What percent of the registered voter base of the municipality will be required to certify the petition?
 4. After certification where is the petition sent such as the municipality, Secretary of State, etc.?
 5. Are there official journal publication requirements as in a local option election for either the Registrar of Voters or the municipality?
 6. What date will be used for the petition certification date from which the number of registered voters will be determined?
 7. Who is responsible for approving the petition form that is used by the municipalities?
The municipalities that wish to change from an elected chief of police to an appointed one include the Town of Vivian and the Village of Rodesa, which are Lawrason Act Municipalities and are therefore governed by the applicable statutes. LSA-R.S. 33:381
provides:
 A. The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner.
 B. The mayor and chief of police in all municipalities shall be elected at large . . .
 * * *
LSA-R.S. 33:381.1 provides:
 The marshal who is the chief of police in such municipalities shall be elected at large, provided that, notwithstanding any other provisions of law to the contrary, a majority of the qualified electors voting therein may, at a special election called by the board of alderman for that purpose, authorize the mayor to thereafter appoint a marshal with the approval of the board of aldermen. Such special election shall be called only upon the presentation of a petition, directed to the board of aldermen and signed by at least twenty-five percent of the qualified electors of the municipality. Once such an election has been called and held, no further or other election on the same question shall be held for at least four years.
 * * *
Although the Lawrason Act fails to provide any procedures with respect to such petitions, the Louisiana Election Code provides generally for all petitions submitted to registrars of voters, with the exception of local option petitions. The provisions of LSA-R.S. 18:3 require petitions to include the following information:
 (1) The signature of the voter who is signing the petition, unless he is unable to write (mark with two witnesses
 (2) The date the voter signed the petition;
 (3) The signer's ward/precinct and date of birth;
 (4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number;
 (5) Name of the signer either typed or legibly written;
 (6) Name of the person who witnessed and who obtained the signature; and
 (7) Date on which the person witnessed and obtained the signature.
With regard to the responsibilities of the registrar, paragraphs (B) and (C) of R.S. 18:3 provide that the registrar shall not honor the written request of any voter or signatory who either desires to have his signature stricken from the petition or added to the petition unless same is expressly authorized by law. Further, the registrar shall not count the signature of a person who has not affixed to the petition his signature and the address at which he is registered to vote, and he shall not count the signature of any person whose name does not appear on the registrar's roll of electors.
With regard to the responsibilities of the persons circulating the petition, the law requires the chairman or other person responsible for the filing of the petition with the registrar to file notice with the registrar three days prior to the submission of the petition for certification, which shall be a public record.
In response to your specific questions, (1) there is no requirement by law for the wording of the petition to be submitted to anyone for approval, such as in the case of recall petitions; (2) the required information on the petition from voters is outlined above; (3) the registrar is required to certify as to the number of qualified electors who signed the petition (regardless of the number) and 25% of the qualified electors of the municipality are required to sign before the calling of such a special election by the municipality; (4) the registrar should forward the petition to the governing authority of the municipality after certification; (5) there is no requirement by law for an official journal publication of the certification of the petition, such as in the case of local option petitions; (6) the registrar should use the date of the first signature as the date for calculating the number of qualified electors of the municipality, similar to the procedure for recall elections which allows the circulators of the petition to know exactly how many signatures will be required; and (7) the law does not provide for any "approval" of the petition form. However, an interested person may bring an action contesting any election where a proposition is submitted to the voters if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different. The courts generally find that variances with regard to the form of a petition are not a substantial defect that would render such an election invalid. See, Fuller v. Police Jury ofGrant Parish, 144 So.2d 766; McGee v. Police Jury of CaddoParish, 66 So.2d 408.
We hope that this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL
RPI/ARL:cwr