Dear Mr. Roberson:
Please be advised that our office is in receipt of your opinion request wherein you posed the following questions:
 1. Does the lack of a printed signer's name on a petition for alcohol sales invalidate the petition as only signatures are provided for each person on the petition?
 2. Can the petition be returned to the proponents so that the signer's names can be printed on the petition since it has been submitted to the Registrar of Voters office?
 3. If the petition can be returned to the proponents for additional information then does that in effect restart the submission date or will the date stand as it was originally submitted to the Registrar's office?
 4. While the Registrar must inform the parish governing authority of the petition's submission and a public notice be printed within fifteen days of submission does the Registrar have thirty days in which to certify said petition?
You have stated that you have received a petition in which the voters' names were not printed on the petition as required by R.S. 26:584(C)(5). A similar situation was addressed by the Third Circuit in Fuller v.Police Jury of Grant Parish, 144 So.2d 766 (La.App. 3 Cir. 1962). This court resolved the case by stating that, "a local option petition and election is valid despite irregularities or defects in the procedure followed, providing that there is substantial compliance with the statutory requirements therefore." This premise was further addressed in previous Attorney General Opinion No. 77-894 wherein "Louisiana" was left off of the address in the petition. Our office opined that the requirement that the person signing the petition state their address is a formality of the petition and is needed to aid the Registrar of Voters in determining whether the individual signing is in fact a duly qualified elector within the area set forth in the petition. It was concluded in this opinion that there was substantial compliance with the procedures and forms as set forth in R.S. 26:584.
Similarly, it appears from the information you have provided that the petition may be in substantial compliance with R.S. 26:584, provided that all other requirements are met. The signatures as well as the addresses of the persons signing the petition are present and as such may be sufficient in determining the validity of the petition.
Furthermore, the return of the petition to the proponents so that the signer's names can be printed is not necessary if the petition is otherwise in substantial compliance with R.S. 26:584, and you have the information necessary to certify the petition.
Finally, your last inquiry relates to the verification of a petition as set forth in La.R.S. 26:586. Specifically, your request relates to R.S.26:586(B), which states in pertinent part:
 C. Within thirty days, excluding Saturdays, Sundays, and holidays, from the date the petition was filed with the registrar of voters, the registrar shall file a true copy of the sworn verification required in Subsection A with the governing authority charged with the duty of calling the election.
As this requirement states, the Registrar does have thirty working days to verify all of which La.R.S. 26:586(A) requires.
I hope this opinion has satisfactorily answered your inquiry. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC/crt
Date Received: 09/24/02
Date Released: October 15, 2002