FRUGÉ, Judge.
This is a suit to set aside and have declared null and void a local option election held in Ward 5, Sabine Parish, Louisiana, in which is included a portion of the municipality of Zwolle, Louisiana. Petitions complying with the provisions of LSA-R.S. 26:581 et seq., were circulated in Ward 5, addressed to the Police Jury of Sabine Parish, to call a local option election in Ward 5. These petitions were filed with the Sabine Parish Registrar of Voters, and she certified that the petitions, so circulated, contained the names of more than twenty-five percent of the registered voters of Ward 5, as is required. This petition was then filed on March 22, 1967, in the office of the Sabine Parish Police Jury. The petition was advertised in the Sabine Index, the official journal of the Sabine Parish Police Jury, on March 3, 1967. On May 2, 1967, the Police Jury met with all members present and, after attending to other business, adopted a resolution ordering said local option referendum to be held in Ward 5 on June 17, 1967. Notice of the adoption of the resolution was published in the Sabine Index on May 12, May 19, May 26, and June 2, 1967.
The election was held on June 17, 1967. The voters approved all three of the propositions on the ballot, thus making Ward 5 “wet”. The Police Jury met on June 21, 1967, canvassed the returns of the elections, and declared that the results were in favor of all three propositions on the ballot.
The plaintiff-appellants urge that the calling and conduct of the election was not within substantial compliance of the statutory requirements. After trial of the matter, the district court awarded judgment in favor of the defendant, ruling the election valid and legal. From that judgment, plaintiff-appellants appeal.
As they did in trial court, the appellants urge that the election was null and void on the following grounds:
1. The resolution of the Police Jury ordering the election was not adopted at a *205 “regular” meeting as required by LSA-R.S. 26:586.
2. The election was called and held for only a portion of the municipality of Zwolle (part of which lies within Ward 5), in violation of LSA-R.S. 26:582.
3. The election was not separately called and held, separately binding, and separately determined for the incorporated munic-pality (Zwolle) and for the unincorporated balance of the Ward in violation of LSA-R.S. 26:582 and 26:587.
Each of these specifications of error shall be considered separately.
1. WAS THE RESOLUTION ADOPTED AT A “REGULAR” MEETING?
Only one witness was called in the trial, but by joint stipulation of counsel, the record was made to include the petitions, the resolutions, copies of the publications, and affidavits of election officials.
The minutes of the Police Jury reveal that they met on April 19, 1967, in regular session, and adjourned until the next regular meeting on May 15, 1967. The Police Jury then met on May 2, 1967, at which time they adopted the resolution calling for the local option election. Mr. C. C. Nabours, president of the Police Jury, testified that it was a “call” meeting, that all members were present, and that the resolution ordering the election was unanimously adopted. As well, the Police Jury attended to other business at that meeting.
The plaintiff-appellants claim that since the minutes of the April 19 meeting noted that the Jury adjourned until May 15, 1967, that the May 2 meeting must have been a “special” meeting. Citing LSA-R.S. 26:586 which states,
“The ordinance or resolution * * * shall be adopted at a regular meeting * * *.” (Emphasis supplied.)
they say that the election was not properly called.
As to this allegation of plaintiffs we find no merit. LSA-R.S. 33:1227 provides as follows:
“Police Juries may fix the periods of their respective regular meetings and meet at any other times which they deem necessary.” (Emphasis supplied.)
and LSA-R.S. 33:1230 reads:
“ * * * Notice to members shall be necessary only in cases of special meetings.”
Here the Police Jury was confronted with a situation in which it was necessary to act. Under the provisions of LSA-R.S. 26:586,[1] the Jury was required to adopt a resolution in not less than thirty days and not more than forty-five days following the filing of the petition. When the Jury met on April 18, 1967, thirty days had not yet elapsed since the petitions were filed. Should they have waited until the May 15 meeting, then more than forty-five days would have alapsed. The Police Jury had to act, and with all the members present and participating in the May 2, 1967 meeting, the meeting was sufficiently “regular” to constitute compliance with LSA-R.S. 26:586.
In addition, the resolution itself, adopted on May 2, 1967, states that it was adopted at a “regular” meeting,
NOW THEREFORE BE IT RESOLVED BY THE POLICE JURY OF SABINE PARISH, STATE OF LOUISIANA, in regular session held on this second day of May, 1967, that: * * * ” (emphasis supplied.)
The above quotation should be evidence in and of itself that the Jury considered the May 2 meeting a “regular” meeting.
*206 All evidence considered, we feel the requirements of law, as to the necessity of adopting the resolution at a regular meeting, were in fact followed.
2. THE ELECTION WAS CALLED' AND HELD FOR ONLY A PORTION OF ZWOLLE AND NOT FOR THE ENTIRETY OF THE INCORPORATED MUNICIPALITY.
As noted previously, included within the territorial limits of Ward 5 of Sabine Parish is part of the incorporated municipality of Zwolle. The election that was called and held was for this portion of the incorporated municipality and the balance of the unincorporated area of the Ward.
Plaintiffs complain that the calling and holding of the election in only a part of Zwolle violated LSA-R.S. 26:582 [2], since this statute contemplates elections in wards and municipalities and no other subdivisions, such as part of a municipality.
The statute cited limits the calling of elections to the entirety of municipalities or the entirety of wards, and no subdivisions thereof. What was done in this case was simply the calling of a ward-wide election. The fact that only a portion of the municipality of Zwolle was included in the ward should not mean that the election would have to be called for the entirety of the municipality, as again, this was only a ward-wide, not a municipality-wide election. The voters of Ward 5 from the unincorporated as well as from the incorporated section could not, by law, call an election which would include that portion of Zwolle in Ward 8. A close reading of this statute, does not convince us that it was the legislative intent that when a ward includes a portion rather than the entirety of an incorporated municipality, that the election has to be called for the entirety of the ward as well as the entirety of the incorporated municipality, not fully within the ward. In fact, should this be the legislative intent, as proposed by plaintiffs, then the inability of the Ward 5 residents to call an election which would include the Ward 8 section of Zwolle would effectively bar them from ever having a local option election in' Ward 5.
Appellants cited the case of McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424 (1954), as upholding their proposition that the election should have been called for the entirety of the municipality of Zwolle. We feel that the case does not uphold their proposition in that there an election was called for the unincorporated portion of a ward, specifically leaving out the City of Shreveport, which was completely within that ward. That election was neither ward-wide nor citywide. Under those facts, we feel that the holding of the court that it was a violation of R.S. 26:582, in that it was a calling for “any subdivision other than the ones above mentioned”, was proper.
Should the residents of Zwolle be dissatisfied with the results of the election they can at anytime call a “city-wide” local option election. As was noted by the Supreme Court in the McGee case, supra, at page 428:
“The holding of these two elections, one called by the governing authority of the municipality and the other called by the governing authority of the ward, would not violate the provision of the statute [LRS-R.S. 26:582] that no such election shall be held for the same subdivision oftener than once in every two years, as the municipality and the ward are separate subdivisions.” (Emphasis theirs)
For the above reasons we feel that the statutory requirements as to the calling of *207 the election were complied with, and, although that portion of the incorporated municipality of Zwolle lying outside of the ward was not included, the Ward 5 election was proper.
3. WERE THE ELECTIONS SEPARATELY CALLED, AND HELD, AND THE RESULT SEPARATELY BINDING AND DETERMINED FOR THE UNINCORPORATED AND THE INCORPORATED PORTIONS OF WARD 5?
LSA-R.S. 26:582 provides as follows: “This election shall be separately called and held, and the result separately binding for each incorporated municipality and for the unincorporated balance of the ward. * * * ”
And LSA-R.S. 26:587 states:
“ * * * When a ward contains an incorporated municipality, the issue shall be separately determined for the municipality and for the unincorporated balance of the ward.”
Having answered appellant’s contention that there was a need for a calling of the election in the entirety of Zwolle in the negative, we go on to the issue of whether there was in fact sufficient separation of the election between the incorporated and the unincorporated portions of the ward.
The resolution ordering the local option election contained the following language:
“Section 3 — BE IT FURTHER RESOLVED, ETC.: That each voter voting in the election herein called shall vote on all three propositions above mentioned or the vote may be deemed spoiled; and providing further, that a majority of votes cast by voters residing in the portion of Ward 5 lying within the corporate limits of the Town of Zwolle on each proposition shall separately determine that issue for and in the portion of Ward 5 lying within said corporate limits, Sabine Parish, Louisiana; and except as above provided, that a majority of votes cast by the voters residing in the whole of Ward 5, Sabine Parish, Louisiana, on each proposition shall separately determine that issue for and in the whole of Ward 5, Sabine Parish, Louisiana.
“Section 4 — BE IT FURTHER RESOLVED: * * * and provided further that the promulgation and declaration of said election results shall be by precinct, and by precinct and voting machines when a precinct offers separate voting machines for voters residing within and outside the Town of Zwolle, Ward 5, Sabine Parish, Louisiana.”
To simplify matters, what was done was that the Police Jury ordered that in those precincts, wherein there were voters living in the incorporated portion of Ward 5, that there should be separate voting machines for them, as opposed to machines for the voters living in the unincorporated portion of the Ward.
Noting that the resolution itself called for “separation” of the election, the only question for us to decide is whether there was “actual separation” within the requirements of the statutes previously cited.
The affidavits of Jane Ferguson, J. O. Napier, Granville J. Martinez, and Catherine S. Rivers show that they were commissioners of Precinct 1 of Ward 5, Sabine Parish, Louisiana, for the local option election held on June 17, 1967. The affidavits declare that on the day of this election, three voting machines were in operation in this precinct, which is located within the incorporated portion of Zwolle. Two of the machines, namely Machines 82982 and 82984 were for the purpose of receiving votes cast by those electors residing in the unincorporated portion of Precinct 1. These, two machines were separate and apart from machine No. 82985, which was utilized solely by those electors residing in that portion of Precinct 1, Ward 5, situated within the corporate limits of the Town of Zwolle. They declared that the voters of Precinct 1 were instructed to vote on either machine No. 82982 or No. *208 82984, if they resided outside the corporate limits of the Town of Zwolle, and they were instructed to vote on machine No. 82985 if they resided within the corporate limits of the Town of Zwolle.
The votes on the three machines were tabulated and kept separate on the official tabulation sheets. These sheets were entered into evidence. The votes registered on machine No. 82985, as disclosed by the tabulation sheet for Precinct 1, Ward 5, represents the votes cast by those electors residing within the corporate limits of the Town of Zwolle. The tabulation sheet shows that there were affirmative votes in favor of Ward 5 being “wet” on all machines at Precinct 1.
In brief and in oral argument, appellant makes much of the fact that the tabulation sheet, although separated by machine, does not designate which votes were those of the Zwolle residents and which were those of the unincorporated sections of the Ward. He alleges that to establish that there was separate voting by the residents of the two areas, it would be necessary to have separate commissioners, separate voting lists and separate tabulations. As authority for these allegations he cites the cases of State v. Garrett, 218 La. 538, 50 So.2d 24 (1950); Hollan v. Police Jury of Webster Parish, 134 So.2d 132 (La.App.2d Cir., 1961); and Cartwright v. Police Jury of Bossier Parish, 106 So.2d 842 (La.App.2d Cir., 1958).
In the Hollan and Cartwright cases, supra, we note that where there were voters from a municipality and from an unincorporated section of the ward voting at the same precinct separate machines and separate commissioners were utilized. Only in the Hollan case did the court note the presence of separate voting lists. The results were canvassed separately, as to each machine, and said was announced for each area separately.
In the case of State v. Garrett, supra, we note that all the court said was that the propositions were submitted separately and the ballots counted separately, and that in canvassing the returns, the vote in the municipality was separately stated.
A reading of the principles announced by the above noted cases convinces this court that the procedures used in the election in the present case did constitute a substantial compliance with the statutes.
As was noted by the trial court in its written reasons for judgment, although separate commissioners were not provided, the evidence does show that the commissioners arranged for separation and apportionment of the votes by providing separate voting machines. Although the same commissioners presided over the same machines, the commissioners did direct the electors to vote on the appropriate machines. The evidence fails to show that separate voting lists were used, but as well, there is a failure of evidence to show that separate voting lists were not used. Plaintiffs having the burden of proving any alleged irregularity, the election officials are presumed to have done their duty.
As to the returns, we note that the tabulations show the votes on each of the three propositions cast on each machine. Therefore, although the designation of the Town of Zwolle did not appear, a determination can be made, as to the will of those electors residing within the corporate portion of Precinct 1, simply by noting the votes tabulated for machine No. 82985.
In summary, we feel that the procedure used in the local option election of Ward 5, Sabine Parish, did sufficiently “separate” the vote between the two areas of the Ward so as to comply with the statutory requirements. Therefore the election does not fall on this ground.
For the foregoing reasons, it is the opinion of this court that the Local Option Referendum election, resulting in Ward 5 of Sabine Parish, Louisiana, going “wet”, was called, held and promulgated within substantial compliance of the requirements and provisions of the Local Option Statutes of this State.
*209 Therefore, the judgment of the trial court being free of manifest error in law or fact, its finding in favor of defendants and intervenors, and against plaintiff-appellants, rejecting the demands of plaintiffs and dismissing their suit at their cost, is hereby affirmed. Costs to be paid by plaintiff-appellants.
Affirmed.

. LSA-R.S. 26:586 states in part:
“The ordinance or resolution of the governing authority ordering the election shall be adopted at a regular meeting held not less than thirty nor more than forty-five days from the date the petition was filed with the governing authority by the Registrar of Voters.”

. LSA-R.S. 26:582 provides in part as follows:
“This election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. No such election shall be held on a parish wide basis or for any subdivision other than the ones above mentioned.’’