343 So.2d 315 (1977)
J. George NOMEY et al., Plaintiffs-Appellants,
v.
JACKSON PARISH POLICE JURY et al., Defendants-Appellees.
No. 13130.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
*316 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
Leon H. Whitten, Dist. Atty., Jackson Parish, Jonesboro, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 21, 1977.
PRICE, Judge.
Plaintiffs have appealed from the judgment rejecting their demands to have a local option election in certain wards of Jackson Parish declared illegal.
J. George Nomey and Advance Sporting Goods, Inc., who hold retail liquor licenses that could be affected by the election, contend the ordinance of the police jury calling a referendum on the sale of alcoholic beverages in the designated wards was illegal because:
1) The ordinance was adopted at a special or called meeting of the Police Jury which is contrary to the provision of LSA-R.S. 26:586, which requires the governing authority to take such action at a "regular meeting."
2) The election was called for a portion of the municipalities of Jonesboro and Hodge which is in violation of the local option statute.
3) The effect of an election held in the manner prescribed by the ordinance would deny plaintiffs equal protection and due process of law as guaranteed by the State and Federal Constitutions.
4) The election is invalid as changes have been made in the local option election laws without obtaining Federal approval as provided by 42 U.S.C.S. Section 1973c.
The first two issues raised by appellants have been resolved by the decision in McFerrin v. Police Jury of Sabine Parish, 220 So.2d 203 (La.App. 3rd Cir. 1969).
In McFerrin, the court rejected the argument that the election is void if the ordinance is not adopted at a regular meeting of the Police Jury under the following rationale:
Here the Police Jury was confronted with a situation in which it was necessary to act. Under the provisions of LSAR.S. 26:586, the Jury was required to adopt a resolution in not less than thirty days and not more than forty-five days following the filing of the petition. When the Jury met on April 18, 1967, thirty days had not yet elapsed since the petitions were filed. Should they have waited until the May 15 meeting, then more than forty-five days would have elapsed. The Police Jury had to act, and with all the members present and participating in the May 2, 1967 meeting, the meeting was sufficiently "regular" to constitute compliance with LSA-R.S. 26:586.
In the instant case, the petitions were presented by the registrar of voters on May 27, 1976. The next scheduled meeting of the Jury was June 7th, less than thirty days from the filing. The next scheduled meeting after that was on July 12th, forty-six days after the filing of the petitions. This calculation of time is correct as the first day of the specified period begins the day following the date of filing the petition with the Jury. This method of computation is in accord with C.C.P. Art. 5059, which provides in part:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. . . .
Therefore, the facts here fall squarely within the McFerrin decision.
*317 The complaint of appellants that the ordinance is invalid as it called an election for only a portion of the municipalities was also refuted by McFerrin as follows:
Plaintiffs complain that the calling and holding of the election in only a part of Zwolle violated LSA-R.S. 26:582, since this statute contemplates elections in wards and municipalities and no other subdivisions, such as part of a municipality.
The statute cited limits the calling of elections to the entirety of municipalities or the entirety of wards, and no subdivisions thereof. What was done in this case was simply the calling of a wardwide election. The fact that only a portion of the municipality of Zwolle was included in the ward should not mean that the election would have to be called for the entirety of the municipality, as again, this was only a ward-wide, not a municipality-wide election. The voters of Ward 5 from the unincorporated as well as from the incorporated section could not, by law, call an election which would include that portion of Zwolle in Ward 8. A close reading of this statute, does not convince us that it was the legislative intent that when a ward includes a portion rather than the entirety of an incorporated municipality, that the election has to be called for the entirety of the ward as well as the entirety of the incorporated municipality, not fully within the ward. In fact, should this be the legislative intent, as proposed by plaintiffs, then the inability of the Ward 5 residents to call an election which would include the Ward 8 section of Zwolle would effectively bar them from ever having a local option election in Ward 5.
Appellants cited the case of McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424 (1954), as upholding their proposition that the election should have been called for the entirety of the municipality of Zwolle. We feel that the case does not uphold their proposition in that there an election was called for the unincorporated portion of a ward, specifically leaving out the City of Shreveport, which was completely within that ward. That election was neither ward-wide nor citywide. Under those facts, we feel that the holding of the court that it was a violation of R.S. 26:582, in that it was a calling for "any subdivision other than the ones above mentioned", was proper.
We adhere to the views expressed in McFerrin, and find that the ordinance under attack is in accord with the local option statute and the jurisprudence interpreting it.
Appellants contend they are denied the constitutional guarantee of equal protection and due process as they could be deprived of their right to sell alcoholic beverages by the election as they are located in one of the wards affected, whereas other establishments in the same municipalities would not be affected if located outside of the wards in question. (Jonesboro and Hodge are situated in multiple wards of Jackson Parish, and no election was requested or called in certain of these wards.) It is well recognized that the State has the right to regulate the sale of alcoholic beverages under the police power so long as the regulatory laws are for a reasonable purpose. Nomey v. State of Louisiana, 315 So.2d 709 (La.1975). The statute permitting local option elections on a ward-wide basis is not an unreasonable exercise of the police power. The coincidence that the ward also includes a portion of a municipality does not deprive a resident of the included municipal area of equal protection or due process of law. He is given the same treatment as all others situated in the voting unit.
We find no merit to the argument advanced for the first time on this appeal that the local option election is invalid under Federal law because there have been modifications in the statute authorizing local governmental bodies to hold such elections without compliance with the provisions of U.S.C.S. 1973c, the Voting Rights Act. This Federal law has for its purpose the elimination of racial discrimination in voting laws. The changes made by the *318 legislature in election procedures in the local option statutes did not require prior approval by Federal authorities.
The judgment is affirmed at appellants' costs.