HARDY, Judge.
This action was instituted by the several parties named in their petition as residents and qualified electors of Ward 6, Bossier Parish, Louisiana, and as duly licensed retail dealers in the sale of alcoholic beverages. Named as defendants are the Police Jury, the Sheriff and the District Attorney of Bossier Parish. Plaintiffs prayed for the issuance of (a) a temporary restraining order; (b) a preliminary injunction, and (c) a permanent injunction restraining and prohibiting the defendants from any action in connection with the enforcement of Ordinance 315 enacted by the Police Jury of Bossier Parish, and which ordinance prohibits the sale of alcoholic beverages, as defined therein, in Ward 6 of Bossier Parish. Plaintiffs further prayed for judgment declaring Ordinance 315 to be illegal, null and void.
After disposition of certain preliminary matters which are not here involved, the case was tried on its merits and from a judgment in favor of defendants dismissing their suit the plaintiffs have prosecuted this appeal.
Plaintiffs urged that the local option election called, held and conducted in Ward 6 of Bossier Parish on April 9, 1957, and the results thereof as promulgated, are null, void and of no effect, and asserted as grounds for this conclusion the following claims:
(1). That the election was called by ordinance adopted by the defendant Police Jury less than thirty days from date of the filing of a petition requesting the holding of such election by the Registrar of voters.
(2). That the defendant Police Jury failed to permit and allow the citizens of the Town of Haughton, an incorporated municipality lying in Ward 6 of Bossier Parish, to vote on the submitted proposals with respect to the sale of liquor in the unincorporated portion of Ward 6.
(3). That the voting machine at Precinct 1 was concealed from public view during the hours of the election, contrary to the provisions of LSA-R.S. 18:1182.
*844 The contention set forth under paragraph (1) above, having- been specifically abandoned by counsel for plaintiffs, requires no consideration in this opinion.
Support for the second contention is found in the argument that the residents of the Town of Haughton were deprived of their right to vote on the several propositions relating to the sale of liquor in the unincorporated portion of Ward 6. The incorporated municipality of Haughton lies entirely in Ward 6 but only partially in Precinct 2 of said Ward. For the purpose of conducting the election of April 9th the Police Jury provided two separate voting machines for the use of electors residing within Precinct 2; one machine, attended by three Commissioners and a clerk, all being qualified electors of the municipality, was provided for use of the voters of Precinct 2 resident within the limits of the municipality of Haughton; and another voting machine attended by a complete and separate set of Commissioners, all qualified electors of Precinct 2 residing outside the limits of the municipality of Haughton, was provided for the electors of Precinct 2 who resided outside of the limits of said municipality. A separate canvass of the returns from each of these voting machines was duly made and a separate tabulation of the number of votes for and against the respective propositions was effected with relation to the votes actually cast in Precinct 2 both within and without the limits of the municipality.
The burden of the contention made by counsel for plaintiffs with respect to this issue appears to be predicated upon the assumption that the law not only authorizes and contemplates a separate determination of the issue in a ward-wide election containing a municipality, as between the municipality and the ward as a whole, but, in effect, requires separate elections which would permit the voters of a municipality to express their wishes, first, as voters of the municipality and, second, as voters of the ward.
In order to give any substance whatsoever to this contenion it must be contemplated that the voters of a municipality participating in a ward-wide election might possibly desire to vote one way with respect to proposals for the sale of liquor within the municipality and another way with respect to proposals for the sale of liquors in the ward outside the limits of the municipality. While this tenuous argument must be considered as tendering a possibility, it is, nevertheless, so far fetched and imaginative that it cannot be considered as worthy of serious consideration. In this connection it must be observed that the point is entirely argumentative and is not supported by one single factual circumstance which would tend to supply any practical reason for maintaining the contention. Be that as it may, we think this question has been concluded by the pronouncement of the Supreme Court in McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424, 426, affirming the judgment of this court (66 So.2d 408). Interpreting the provision of LSA-R.S. 26:587, which reads:
“When a ward contains an incorporated municipality, the issue shall be separately determined for the municipality and for the unincorporated balance of the ward.”
The opinion of the Supreme Court de dared that:
“ * * * when an election is called on a zvard-zvide basis and the ward contains an incorporated municipality, the issue presented shall be separately determined by the electorate for the municipality and for the unincorporated balance of the ward. It certainly does not contemplate that two elections shall be held, one for the unincorporated portion of the ward, because this section plainly provides that the issue in a ward-wide election shall separately be determined for the municipality and for the unincorporated balance of the ward. In such *845 a ward-wide election called by the police jury the sale of intoxicating beverages could be prohibited in the municipality if the majority of the voters so voted, and the unincorporated portion of the ward could by a majority vote permit such sale, or ‘vote wet’, or vice versa. The purpose of this provision * * * was simply to enable the issue in a ward-wide election to be separately determined for the incorporated and the unincorporated portions of such ward.” (Emphasis supplied.)
In the instant case it is clear that the election was properly called and held on a ward-wide basis. This being so, it follows that the voters of the municipality of Haughton were expressing their preference as to the proposals submitted with reference to the sale of liquor in the unincorporated portion of the ward. The statutory provision requiring a separate determination of the vote separately binding upon the incorporated and the unincorporated portions of the ward respectively was clearly designed to protect and insure the right of the citizens of a municipality to preserve and enforce the will of the majority as to the separate determination and effect of such proposals within and with reference to the municipality itself.
It follows that the vote of the citizens of the incorporated municipality of Haughton was a deliberate expression of their preference on the proposals submitted to the ward as a whole. Contrary to plaintiff’s contention the voters of Haugh-ton at one and the same time expressed their wishes as voters of the ward, and, by operation of the statutory provision, preserved the status quo of the mtmici-pality within which they resided.
The above conclusion and the reasons upon which it is predicated have been developed in some detail, notwithstanding the fact that we have some question as to the necessity therefor. It is well established that any judicially contested election must be based upon the fact that a different result would have obtained but for the occurrence of the specified irregularities in the conduct of the election; Felder v. Police Jury of Livingston Parish, 207 La. 550, 21 So.2d 724 (and cases therein cited). It must be pointed out that this proposition has • not only failed of establishment in the instant case but, indeed, could not have been established. According to the tabulation which is made a part of the record, the entire vote cast by the resident voters within the municipality of Haughton against the proposals for the sale of liquor could be changed in favor of such proposals without affecting the result of the ward-wide vote.
Counsel for plaintiffs raises some objection to the procedure by which the registered voters of Precinct 2 were separated in accordance with their respective places of residence within or without the municipality of Haughton. This objection is unsupported by any evidence which would justify a finding of prejudice as against either the proponents or the opponents of the issues tendered by the election, and, in any event, it has no material bearing upon the issues presented, in view of our conclusions above stated.
The remaining point urged on behalf of plaintiffs is directed at an irregularity in connection with the holding of the election arising from the “concealment” of the voting machine in Precinct 1 in violation of the provisions of LSA-R.S. 18:1182, which requires that
“The machines shall be placed inside the polling place and shall be in full view of the public from the time of the beginning of the election until the last person has voted.”
' It was established on trial that the voting machine in ’question was located in a small room of a store in which the polling place was established; that because of *846 the cramped conditions and consequent lack of space in the outer room, the voting machine could not be accommodated therein; that the machine was at all times in the view of the deputy or clerk who was charged with operating the machine, and that the room in which it was located contained two outside windows, permitting a view by the general public, if desired, from the outside of the building. Additionally, it is to be observed that there is no complaint of any irregularity resulting from the objectionable location of the machine. It is pertinent to note that the local option statute provides for only a substantial compliance with the requirements for the calling and conduct of an election; LSA-R.S. 26:590. Under the circumstances, we think the evidence established such a substantial compliance and, in any event, in the absence of any prejudicial or objectionable effects, we think plaintiff has failed to establish any basis for relief.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.