134 So.2d 132 (1961)
Huey P. HOLLAN et al., Plaintiffs-Appellants,
v.
POLICE JURY OF WEBSTER PARISH, Louisiana et al., Defendants-Appellees.
No. 9559.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
*133 Watson, Williams & Brittain, Natchitoches, for appellants.
Louis H. Padgett, Jr., Bossier City, John B. Benton, Jr., Minden, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
The plaintiffs herein, Huey P. Hollan, P. C. Ware and Vardeman Yates, qualified electors of Ward Two of Webster Parish, and operators of retail liquor establishments situated in the incorporated Towns of Cullen and Springhill, Louisiana, have instituted this action for injunctive relief to restrain and prohibit the Police Jury of Webster Parish, the District Attorney, and the Registrar of Voters of said parish, from the enforcement of Ordinances Nos. 531 and 533, enacted by the Police Jury, which prohibit the sale of alcoholic beverages as therein defined, in Ward Two of Webster Parish. Plaintiffs have further prayed for judgment declaring Ordinances Nos. 531 and 533 to be illegal, null and void. The case was put at issue, tried and resulted in denial of both preliminary and permanent injunctions, with dismissal of the suit. Plaintiffs have prosecuted this appeal.
Under date of September 6, 1960, at which time there were 4,840 qualified electors residing in Ward Two of Webster Parish, including the incorporated municipalities of Cullen, Cotton Valley, Sarepta and Springhill, a petition was filed with the Registrar of Voters requesting the Police Jury of said parish to call and hold a local option election according to law and submit to the qualified electors of Ward Two certain propositions pertaining to the sale of alcoholic beverages. In due course the Registrar of Voters prepared a certificate and affidavit certifying as to said petition: its date of filing, publication, date of the first signature, and number of qualified electors in Ward Two; and she attested that each signature on the petition had been checked and compared for its genuineness with the signature of the same person on the registration rolls, the total number of genuine signatures of qualified electors, (2,385), and the total number of signatures not genuine or not in conformity with the requirements of LSA-R.S. 26:583, (15).
The plaintiffs contend the election called by the Police Jury pursuant to said petition (Ordinance No. 531) and held in Ward Two of Webster Parish on December 17, 1960, and the results thereof as promulgated (Ordinance No. 533), are null, void and of no effect, and as grounds therefor, aver that:
(1) None of the municipalities were petitioned to call the local election, nor did any of the municipalities actually call or hold a local option election;
(2) The petition (or petitions) in many instances failed to give resident addresses and the officials of Webster Parish conducting the election had no way of confirming which electors lived within the municipalities and which did not;
(3) The required notice was not exhibited on the ballot notifying voters that all three of the options must be voted on in the election in order for a vote to register on the voting machines;
(4) Absentee balloting, though not authorized, was permitted;
(5) A municipality, not the Police Jury, controls the sale of alcoholic beverages within the corporate limits of the municipality and has the exclusive right to decide local option therein; and in the alternative, if it be determined the election is not *134 invalid, this court should hold that: (a) it will not apply to any of the municipalities located within Ward Two; (b) nor should it apply to Cullen and Cotton Valley for less than twenty-five per cent (25%) of the voters of said incorporated municipalities actually signed petitions requesting the election.
The first contention argues that the election should be declared invalid for none of the municipalities were petitioned to, and none actually called or held a local option election on December 17, 1960. Non constat. McGee, et al. v. Police Jury of Caddo Parish, et al., 1954, 225 La. 471, 73 So.2d 424, held that the Police Jury of Caddo Parish was without authority under the local option statute to call an election for a non-incorporated portion of the ward only, outside of the City of Shreveport, which was situated within the ward, even though an almost simultaneous local option election was held for the city. This ruling is based upon LSA-R.S. 26:581, 582, 583, 585(4), 587, and 592. Section 587 provides in part:
"A majority vote cast on each proposition shall separately determine that issue for the ward, or for the incorporated municipality. When a ward contains an incorporated municipality, the issue shall be separately determined for the municipality and for the unincorporated balance of the ward."
In reaching this decision, the Supreme Court, 73 So.2d 427, 428, said:
"* * * When an election is called on a ward-wide basis and the ward contains an incorporated municipality, the issue presented shall be separately determined by the electorate for the municipality and for the unincorporated balance of the ward. It certainly does not contemplate that two elections shall be held, one for the unincorporated portion of the ward and one for the municipality or incorporated portion of the ward, because this section plainly provides that the issue in a ward-wide election shall separately be determined for the municipality and for the unincorporated balance of the ward. In such a ward-wide election called by the police jury the sale of intoxicating beverages could be prohibited in the municipality if the majority of the voters so voted, and the unincorporated portion of the ward could by a majority vote permit such sale, or "vote wet', or vice versa. The purpose of this provision relied upon by relators was simply to enable the issue in a ward-wide election to be separately determined for the incorporated and the unincorporated portions of such ward."
The ruling has been followed in McCrary, et al. v. Police Jury of Caddo Parish, et al., 225 La. 489, 73 So.2d 431, A. K. Tuggle, et al. v. Police Jury of Webster Parish, et al., 225 La. 490, 73 So.2d 431, and Cartwright, et al. v. Police Jury of Bossier Parish, La.App. 2d Cir., 1958, 106 So.2d 842. In view of the ruling it clearly appears it would be improper for a Police Jury to call an election for less than an entire ward.
The second objection urged is that the election officials had no effective way of determining which electors lived within the municipalities and those who did not, but voted in the same precinct. The record reveals that ten voting precincts in Ward Two were utilized in the election. Precinct Five of Ward Two included the corporate limits of Springhill, Precinct No. Seven the corporate limits of Sarepta, and Precincts Nos. Eight and Nine, in the corporate limits of Cotton Valley. In each of the four precincts some electors resided within and others outside the municipality. To allow proper separation and apportionment of the ballots cast in Precincts Five, Seven, Eight and Nine, separate voting machines were provided for the use of those electors who resided solely in and were qualified in the *135 respective municipalities, and separate commissioners were selected to attend the machines used by the qualified electors of those municipalities. Separate machines and commissioners were used for the electors residing in the unincorporated portion of the ward. Each set of commissioners assigned to the electors residing in a municipal corporation was provided by the Registrar of Voters with lists which contained only those electors residing in the municipality, and commissioners assigned to the unincorporated portion of the ward were furnished with lists of those electors entitled to vote at said precinct, but residing outside of the corporate limits of the municipality. The Registrar of Voters testified she had prepared the lists after comparing each signature appearing on the petition with the signature of the elector's registration card. Manifestly, the Registrar of Voters employed the only proper means available, and in our opinion the method used was adequate. It must be recognized that many residents of small towns and rural areas have no street address, but only postal rural delivery routes or box numbers. Counsel complain that such addresses do not substantially comply with the law, but we disagree, and thus add our disapproval to that of the trial judge.
Counsel assert notice should have been placed on each voting machine with direction to the voter that all three of the options must be voted on in the election in order for a vote to register on the voting machine, but in fact, such notice was not actually placed on the machines used. This is not legally required. The trial judge correctly ruled that LSA-R.S. 26:587 stipulates "the following propositions and no others shall be plainly printed upon a special ballot to be used for the election, otherwise the election shall be null and void * * *." The statute prescribes the exact wording of the three propositions, and then provides:
"Unless a voter votes on all three propositions, his ballot will be deemed spoiled and illegal. If the voter desires to vote `Yes' on any or all of these propositions he shall make an X mark in the square opposite the word `Yes'. To vote `No' he shall make an X mark in the square opposite the word `No'."
The quoted paragraph is free from ambiguity. It says no effect will be given to a vote unless a voter votes on all three propositions. The proviso is not intended as a sacramental part of the ballot nor must it be placed on each voting machine. Plaintiff's presented no evidence that voters were uninstructed, but on the contrary, election officials testified every voter was carefully instructed that he must cast his ballot with reference to each of the three propositions. The instruction was printed on the form of sample ballots. We find no prejudice has been sustained, and therefore, no error committed by the trial court.
A further argument is that the election should be voided on the ground that although absentee balloting is not authorized under the statute, it was permitted in the election. The Local Option Law, LSA-R.S. 26:581-89, provides that such an election shall be conducted as nearly as possible in accordance with the election laws of the state, and that voting machines may be used in subdivisions which have adopted them for use in general elections, and otherwise ordinary ballot boxes shall be used and suitable ballots printed for use in the election. The law, therefore, contemplates that all persons shall be afforded an opportunity to cast their ballot in such an election which shall be held in accordance with the election laws of the state. Therefore, inasmuch as the election laws of the state expressly provide for absentee voting, such balloting must be permitted.
The next attack upon the election urges that a municipality and not the Police Jury controls the sale of alcoholic beverages within its corporate limits. The proposition can no longer be considered to have merit, and has been judicially determined on several occasions. Thus, we find this expression in McGee et al. v. Police Jury of Caddo *136 Parish et al., 1954, 225 La. 471, 73 So.2d 424, 428:
"There is no merit to this contention, for under the provisions of the statute the governing authority of a municipality could call a local option election, and the majority of the voters therein could `vote wet'; notwithstanding the municipal election, the police jury for the ward in which the municipality is situated could at any time thereafter call a ward-wide election, and in this election the majority of the electors of the municipality could `vote dry', and the unincorporated balance of the ward could `vote wet', and the result would be separately binding on each. The holding of these two elections, one called by the governing authority of the municipality and the other called by the governing authority of the ward, would not violate the provision of the statute that no such election shall be held for the same subdivision oftener than once in every two years, as the municipality and the ward are separate subdivisions."
Finally, it is argued by appellants that even if this court should determine the election was validly held, the court should not hold that the election may apply to the incorporated towns of Cullen and Cotton Valley, for the reason that less than twenty-five per cent (25%) of the voters in Cullen and Cotton Valley actually signed petitions requesting the election. It follows from the above quoted language from McGee v. Police Jury of Caddo Parish the contention must be rejected.
It may be expected that some irregularities will appear in connection with any election, yet the rule of law is that an election will not be invalidated unless the irregularity is of a substantial nature. Cartwright et al. v. Police Jury of Bossier, supra. The statute LSA-R.S. 26:590 provides that if the petition fails to substantially comply with the requirements of the statute, or if the requirements for the calling or conducting of the election are not substantially complied with, the election may be invalidated. The election, therefore, will not be invalidated simply because of minor irregularities which cannot be considered substantial requirements of the statute. We observed in the Cartwright case that:
"It is well established that any judicially contested election must be based upon the fact that a different result would have obtained but for the occurrence of the specified irregularities in the conduct of the election;" [106 So. 2d 845.]
The election results as promulgated show all three of the propositions voted upon were voted "NO" by an approximate margin of three to one. The results indicate clearly plaintiffs have not been deprived of legal rights.
Finding no error in the decree from which appealed, the judgment is affirmed at appellants' cost.