348 So.2d 162 (1977)
Melvin NIETTE et al., Plaintiffs and Appellants,
v.
NATCHITOCHES PARISH POLICE JURY et al., Defendants and Appellees.
No. 6009.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 13, 1977.
*163 Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Ronald C. Martin, Dist. Atty., and John S. Stephens, Asst. Dist. Atty., Natchitoches, for defendant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
CULPEPPER, Judge.
This is a suit to enjoin the Sheriff, District Attorney and Police Jury of Natchitoches Parish from enforcing a Parish Ordinance prohibiting the sale of alcoholic beverages in the unincorporated areas of Ward 3 of the Parish. The ordinance was adopted to effectuate the results of a local option election held in Ward 3 on January 15, 1977.
The four plaintiffs, three of whom are qualified electors of Ward 3, were engaged in the sale of alcoholic beverages from business establishments located in the unincorporated areas of Ward 3 when the ordinance was adopted. They allege, among other things, that the election was not called and conducted in substantial compliance with the Local Option Statute.
The trial court rejected plaintiffs' demand for injunctive relief. Plaintiffs appealed.
The essential issues on appeal are: (1) Was the election called and conducted in *164 substantial compliance with the Local Option Statute? (2) Is the parish ordinance adopted to effectuate the election results valid and enforceable?

GENERAL FACTS
The general facts are undisputed. Ward 3 of Natchitoches Parish encompasses a total of three incorporated municipalities. They are Robeline, Powhatan and Provencal.
A verified petition containing the signatures of more than 25% of the qualified electors of Ward 3 of Natchitoches Parish was presented to the Natchitoches Parish Police Jury. The petition requested that a local option election be called in Ward 3, "including the municipalities of Powhatan, Provencal and Robeline". The petition asked that the four propositions listed below be submitted to the qualified electors of Ward 3:
(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume be permitted?
(2) Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted?
(3) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises be permitted?
(4) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption on the premises?
The petition is in the form prescribed by LSA-R.S. 26:583.
At its regular meeting on February 17, 1976, the Natchitoches Parish Police Jury considered the petition and adopted a resolution calling a local option election. The caption of the election call follows:
"A resolution Ordering and Calling Local Option Elections to be held in Ward 3 of the Parish of Natchitoches, State of Louisiana, excluding the incorporated village of Provencal" (Emphasis added)
In the following quotation from the body of the resolution calling the election, the Policy Jury again states that Provencal is excluded from the local option election in Ward 3:
". . . BE IT RESOLVED . . . Section 1. That . . . a local option election is hereby ordered to be held in Ward 3 of the Parish of Natchitoches, Louisiana, excluding the incorporated municipality of Provencal, Louisiana." (Emphasis added)
The election was held on January 15, 1977. However, instead of one single election for the entire ward being held there were actually three separate sub-elections.
In one sub-election, all of the qualified electors of Ward 3, including those residing in the three incorporated municipalities, voted on the four propositions as to the unincorporated areas of the ward. In this sub-election, each of the four propositions was submitted in the following form: "Shall the sale of (alcoholic) beverages. . . be permitted . . . in the unincorporated areas of Ward 3 . . .". The returns of this election showed that all four propositions were rejected. Thus, the unincorporated areas of the ward were purportedly voted "dry".
In the second sub-election, each of the four propositions was submitted to the qualified electors residing in Robeline. The four propositions were submitted in the following form: "Shall the sale of (alcoholic) beverages . . . be permitted in the incorporated municipality of Robeline, Louisiana". In this election, Robeline voted dry.
In the third sub-election, each of the four propositions was submitted to the qualified electors of Powhatan. The four propositions were submitted in the following form: "Shall the sale of (alcoholic) beverages. . . be permitted in the incorporated municipality of Powhatan, Louisiana." In this election, Powhatan voted "wet".
*165 The electors of Powhatan and Robeline voted twice in the January 15 local option election. They voted once to determine whether the unincorporated areas of the ward would be wet or dry. They voted a second time to determine whether their respective municipalities would be wet or dry.
The electors of the incorporated municipality of Provencal, on the other hand, voted only once. They voted only in the election held to determine whether the unincorporated areas of the parish would be wet or dry. The reason the electors of Provencal were not allowed to vote on the question of whether their municipality would be wet or dry is stated in the election call resolution. There, it is stated that a local option election was held in Provencal on August 14, 1976, and according to LSA-R.S. 26:582 no such election can be held by the same subdivision more often than once in every two years.
At its regular meeting on January 19, 1977, the Police Jury promulgated the results of the election and adopted an ordinance prohibiting the sale of each of the four classes of alcoholic beverages in only the unincorporated areas of Ward 3. The ordinance makes no mention of the municipalities of Robeline, Powhatan or Provencal.
This suit for injunctive relief was filed on January 20, 1977. On January 25, 1977, the sheriff of Natchitoches Parish advised all business establishments in the unincorporated areas of Ward 3 to stop selling alcoholic beverages.
Having stated the pertinent general facts, we move now to a determination of the legal issues presented.

AUTHORITY OF POLICE JURY TO CALL WARD-WIDE ELECTION
Parishes and municipal corporations are creatures of the State and are vested only with such powers as are delegated to them by the Constitution or legislature of Louisiana. The power to prohibit the sale of alcoholic beverages is a police power delegated to municipalities and parishes by the legislature. It may be exercised only after a majority of the qualified electors of the particular governmental subdivision have voted against the sale of alcoholic beverages in an election called and conducted according to law. The power to prohibit the sale of alcoholic beverages is properly exercised only if the Police Jury acts pursuant to the authority conferred by the Local Option Statutes, LSA-R.S. 26:581, et seq. McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424 (1954).
The procedure for conducting ward-wide local option elections in wards which encompass both unincorporated areas and incorporated municipalities is stated in LSA-R.S. 26:582, 586.1 and 587. In pertinent part, R.S. 26:582 provides:
"In the case of such an election held on other than a parishwide basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. . . .
"No such election shall be held for the same subdivision oftener than once in every two years."
The relevant portions of R.S. 26:587 and 586.1 contain substantially identical provisions.
In McGee v. Police Jury of Caddo Parish, supra, our Supreme Court construed the above quoted statutes in a factual context analagous to the present case. In McGee, the Police Jury of Caddo Parish called a ward-wide local option election excluding the incorporated municipality of Shreveport. The precise question was whether the Police Jury of Caddo Parish had authority under the local option statute to call the election for the unincorporated portions of the ward only. The court held the Police Jury had no authority to call such an election, and declared the election null and void. See also Hollan v. Police Jury of Webster Parish, 134 So.2d 132 (La.App.2d Cir. 1961); Stewart v. Livingston Parish Police Jury, 340 So.2d 1045 (La.App.1st Cir. 1976).
In McGee, the court provides the following explanation of R.S. 26:582 and 587:

*166 "When these two provisions are considered together, they clearly indicate that the statute contemplates that, when an election is called on a ward-wide basis and the ward contains an incorporated municipality, the issue presented shall be separately determined by the electorate for the municipality and for the unincorporated balance of the ward. It certainly does not contemplate that two elections shall be held, one for the unincorporated portion of the ward and one for the municipality or incorporated portion of the ward, because this section plainly provides that the issue in a ward-wide election shall separately be determined for the municipality and for the unincorporated balance of the ward. In such a ward-wide election called by the police jury the sale of intoxicating beverages could be prohibited in the municipality if the majority of the voters so voted, and the unincorporated portion of the ward could by a majority vote permit such sale, or `vote wet', or vice versa. The purpose of this provision relied upon by relators was simply to enable the issue in a ward-wide election to be separately determined for the incorporated and unincorporated portions of such ward.
Cartwright v. Police Jury of Bossier Parish, 106 So.2d 842 (La.App.2d Cir. 1958) provides this further explanation of the purpose of R.S. 26:582 and 587:
"The statutory provision requiring a separate determination of the vote separately binding upon the incorporated and the unincorporated portions of the ward respectively was clearly designed to protect and insure the right of the citizen of a municipality to preserve and enforce the will of the majority as to the separate determination and effect of such proposals within and with reference to the municipality itself.
Clearly, the present ward-wide election was not called or conducted in substantial compliance with R.S. 26:582 and 26:587 as construed by the McGee case. First, there were three separate elections rather than one election with a separate determination of the issue for the incorporated municipalities and the unincorporated balance of the ward. Second, the election call expressly excluded the incorporated municipality of Provencal. Third, under no circumstances should the electors of the incorporated municipalities have voted on the question of whether the unincorporated areas of the ward would be wet or dry.
Under the rationale of the McGee case, a police jury has no authority to call a local option election for less than an entire ward. Clearly, the Natchitoches Parish Police Jury exceeded its authority in calling a ward-wide election specifically excluding Provencal. Therefore, the local option election held on January 15, 1977 was ultra vires and is a nullity. Consequently, the parish ordinance adopted to effectuate the results of the election is without legal efficacy and is unenforceable.

EFFECT OF PRIOR LOCAL OPTION ELECTION IN PROVENCAL
Although it is not essential to our decision, counsel have discussed in their briefs the issue of the effect of the prior election in Provencal. On August 14, 1976, the electors of Provencal voted "dry" in a local option election called by the governing authority of Provencal. The McGee case holds that even if the municipality holds its own local option election at approximately the same time as the election in the remainder of the ward, and even though identical issues are submitted in each election, the ward-wide election is nevertheless invalid. Therefore, the results of the local option election held in Provencal in August of 1976 have no bearing on the present case.
The Police Jury excluded Provencal from the election on the grounds that R.S. 26:582 prevents the same subdivision from holding an election more often than once in every two years. A reading of the McGee case indicates the Police Jury misinterpreted the statute. In McGee, the court explained that the holding of two elections within two years would not violate the terms of R.S. 26:582 if one of the elections was called by the governing authority of the municipality *167 and the other by the governing authority of the ward. The reason that two such elections would not violate the statute is that the municipality and the ward are not the "same subdivision" within the meaning of the statute.
Having concluded the Police Jury exceeded its authority in calling the election, we need not address the issues raised by alleged irregularities in the subsequent voting and conduct of the election.

VALIDITY OF PROHIBITION ORDINANCE
Where a local option election is declared null and void, as in the present case, the parish ordinance enacted to effectuate the results of the election is without legal efficacy. White v. Morehouse Parish Police Jury, 95 So.2d 356 (La.App.2d Cir. 1957) and cases cited therein.

DECREE
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is rendered herein in favor of plaintiffs declaring the local option election held in Ward 3 of Natchitoches Parish, Louisiana on January 15, 1977 to be null and void. In addition, judgment is rendered herein declaring null and void the ordinance adopted by the Natchitoches Parish Police Jury on January 19, 1977 to effectuate the results of the local option election. The costs in this Court and the trial court are assessed against the Natchitoches Parish Police Jury insofar as such costs may be taxed against a subdivision of the State of Louisiana.
REVERSED AND RENDERED.