Dear Ms. Creel:
You present questions to this office concerning the sale of alcoholic beverages within the Town of Franklinton. Before turning to your specific questions, it is first necessary to examine the status of the sales of alcoholic beverages within the Town of Franklinton.
I. Franklinton Ordinance No. 680 (1976).
On March 13, 1976, the Washington Parish Police Jury called a local option election regarding the wet/dry status of Ward Three of Washington Parish. The Town of Franklinton falls entirely within Ward Three, and for this reason the calling of the election for Ward Three automatically included a call for the election in the municipality of Franklinton, in accordance with La.R.S. 26:582.[1] In such *Page 2 
circumstances, the local option law requires the votes to be separately tabulated for the municipality and the unincorporated portion of Ward Three.
On April 27, 1976, the official results of that election were adopted by the Town of Franklinton in Ordinance No. 680, as required by state law.[2] Ordinance No. 680 provides in pertinent part:
Proposition 1. Shall the sale of beverages of low alcoholic content containing more than three and two-tenths per cent alcohol by weight, and not more than six percent alcohol by volume, be permitted in Ward Three.
Votes cast for the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 499.
Votes cast against the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 486.
Proposition 2. Shall the sale of beverages of high alcohol content, containing more than six percent alcohol by volume for consumption on premises be permitted in Ward Three.
Votes cast for the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 285.
Votes cast against the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 657.
Proposition 3. Shall the sale of beverages of high alcoholic content, containing more than six per cent alcohol by volume by the *Page 3 
package only and not for consumption of the premises be permitted in Ward Three.
Votes cast for the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 519.
Votes cast against the Proposition in Precincts 1 and 2, incorporated municipality of Franklinton 468.
The local option results as adopted in Ordinance 680 reflect that sales of beverages of low alcoholic content (beer) are permitted in the Town of Franklinton (Proposition 1); the sale of beverages of high alcoholic content (liquor) is prohibited for consumption on the premises (Proposition 2); and the package sale of beverages of high alcoholic content (liquor) for consumption off the premises is permitted (Proposition 3).
A valid prohibition concerning the sale of alcoholic beverages within a ward, election district, or municipality may only be accomplished in compliance with the Local Option Law, La.R.S. 26:581, et seq. The parish or municipal governing authority must call a referendum vote when petitioned to do so by "twenty-five percent of the qualified voters residing in any ward, election district, or municipality . . ."[3] In the absence of a local option election resulting in a prohibition of the sale of alcoholic beverages, the sale of alcoholic beverages is permitted.Id. See Sabine Parish Police Jury v. Commissioner of Alcoholand Tobacco Control, 04-1833 (La. 4/12/05)898 So.2d 1244, at page 1248, n. 10.[4]
Since the adoption of Ordinance No. 680, no other local option election affecting the Town's wet/dry status has been held in Franklinton. We are aware that the Town of Franklinton has considered the sale of beer for consumption on the premises to be prohibited, but in Proposition 1, the majority of votersapproved the sale of beer, without limiting the approval to package sales. It is the opinion of this office that a new local option election must be held consistent with the requirements of La.R.S. 26:581, et seq. in order to prohibit the sale of beer for consumption on the premises in the Town of Franklinton. In the absence of a valid prohibition, all sales of beer are permitted in the Town of Franklinton. *Page 4 
II. Franklinton Ordinance No. 678 — Sunday closingordinance (1975).
Ordinance No. 678, codified as Section 3-16 of the Franklinton Code of Ordinances, was adopted November 18, 1975 by the Board of Aldermen of the Town of Franklinton. Ordinance No. 678 establishes closing hours for businesses selling alcoholic beverages, and makes it unlawful for a business to sell alcoholic beverages "between the hours of 10:00 p.m. on Saturday night and 6:00 a.m. on the following Monday morning." Ordinance No. 678, while approved by the Franklinton Board of Aldermen, was never presented to the voters for approval at a local option election.
Ordinance No. 678 was adopted at a time when the State Sunday Closing Law was in effect. This law prohibited the sale of liquor on Sundays throughout the state. By Act 1 of the 1986 Louisiana Regular Legislative Session, the Legislature completely revamped the Sunday closing laws, repealing those statutes (former La.R.S. 51:194 and La.R.S. 51:195) which provided for the prohibition.
The Legislature replaced the blue laws with a form of local option, amending La.R.S. 51:191 to provide that a parish or municipality may adopt an ordinance "regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by thevoters at an election called as provided in Chapter 6-B ofTitle 18 of the Louisiana Revised Statutes of 1950." The Louisiana appellate courts have interpreted La.R.S. 51:191 to mean that a Sunday closing ordinance may be enacted only if an election is held.[5]
In City of Zwolle v. Polk[6], the court addressed the validity of a 1976 Sunday closing ordinance adopted by the Town of Zwolle which was not approved by the voters at an election. "The issue is whether or not an ordinance passed by a local governing body prohibiting the sale of alcoholic beverages on Sunday is valid, effective and operational if the voters of the political subdivision have not voted on the issue as required by R.S. 51:191." Id. at 202. The court in Zwolle
invalidated the 1976 ordinance as conflicting with La.R.S. 51:191, which requires a local option election for the adoption of a Sunday closing ordinance. In a similar case, the court inPappy's Investment Group of Lake Charles, Inc. v. City of LakeCharles[7] invalidated a 1983 Sunday closing ordinance adopted by the *Page 5 
City Council of Lake Charles, again on the basis that no prior local option election had been held.
In accord with the interpretation of La.R.S. 51:191 given by the courts in Zwolle and Pappy's, it is the opinion of this office that the portion of Ordinance No. 678 which prohibits the sale of alcoholic beverages "between the hours of 10:00 p.m. on Saturday night and 6:00 a.m. on the following Monday morning" is invalid, because this portion amounts to a Sundayclosing law enacted in the absence of a referendum vote.
We are also advised that there has never been a parish-wide local option election called pursuant to La.R.S. 51:191 (which would have included the electorate of Franklinton) resulting in a prohibition of all Sunday sales of alcoholic beverages. In the absence of any other validly adopted ordinance to the contrary, it is the opinion of this office that Sunday sales of alcoholic beverages arecurrently permitted in the Town of Franklinton, to the extent suchsales are permitted by Ordinance No. 680, discussed above.
With the foregoing analysis in mind regarding the status of the Town's alcoholic beverage ordinances, we now turn to responding to your specific questions.
III. May the town council of its own power and authority calland set a special election for the voters to determine whether ornot to amend the town's ordinances so as to allow for sales ofalcohol on Sunday and whether to allow sale of alcohol forconsumption on premises at restaurants only? If not, how and bywhat procedure must such an election be set?
The procedures which must be followed to hold a local option election to determine the wet/dry status of a municipality, or to amend an existing wet/dry ordinance, differ from the procedures which must be followed to hold a local option election to prohibit Sunday sales. In order to permit the sale of liquor in restaurants in the Town of Franklinton, a petition of not less than twenty-five percent of the qualified voters must first be presented, calling for a local option election as required by La.R.S. 26:581, etseq.[8] The Franklinton Board of Aldermen may not unilaterally amend Ordinance No. 680 to permit the sale of liquor in restaurants.[9] *Page 6 
As noted above, the Town of Franklinton has no valid Sunday closing ordinance. In order to prohibit Sunday sales of alcoholic beverages, the Franklinton Board of Aldermen must call a referendum vote pursuant to La.R.S. 51:191. The law here does not require petition of the electorate, but under La.R.S. 51:191, this type of local option election must be held in compliance with La.R.S. 18:1299, et seq.
IV. In the event a special election is set for the aboveissues, may or must the two issues, i.e. Sunday alcohol sales andrestaurant alcohol sales, be voted on as two separate lineitems?
While both types of elections could be held on the same date, the issues may not be presented to the voters as two separate line items. In a wet/dry local option election, the law imposes particular form requirements for the petition for election which must be circulated and for the ballot. La.R.S. 26:584 and La.R.S. 26:588 require both the petition and the ballot to contain the following five propositions:
(1) Shall the sale of beverages of alcoholic content containing not more than six percent alcohol by volume be permitted by package only and not for consumption on the premises?
(2) Shall the sale of beverages of alcoholic content containing not more than six percent alcohol by volume for consumption on the premises be permitted?
(3) Shall the sale of beverage alcohol containing one-half of one percent alcohol by volume and above for consumption on the premises?
(4) Shall the sale of beverages of alcoholic content containing one-half of one percent alcohol by volume and above be permitted by package only and not for consumption on the premises?
(5) Shall the sale of beverages of high and low alcoholic content be permitted only on the premises of restaurant establishments which have been issued an "R" permit as defined by law?
The mandatory language of the law does not permit the Franklinton Board of Aldermen to deviate from the forms provided for the petition and the ballot, or to pick and choose which propositions are to be included on the petition and the ballot. The form of the petition, and the election itself, must "substantially comply" with the requirements of La.R.S. 26:581, et seq., otherwise, the election is "illegal and ineffective" under La.R.S. 26:590. *Page 7 
It is the opinion of this office that La.R.S. 26:588 mandates that in the calling of a wet/dry local option election, all five of the enumerated provisions of La.R.S. 26:588 must be clearly printed on the ballot for voter ratification. These five propositions are the only propositions permitted to be itemized on the ballot, as the phrase "no others" used in La.R.S. 26:588 prohibits additional items from being placed on the special local option ballot. Thus, the proposition regarding Sunday sales may not be included on this special election ballot.[10]
 V. In the event a special election cannot be called and set bythe council, what other procedures are available to amend the town'sexisting ordinances regarding alcohol sales and consumption, eitherby an election or ordinance?
As discussed above, to amend a wet/dry ordinance another local option election must be held pursuant to La.R.S. 26:581, etseq., requiring an election to be called upon petition of twenty-five percent of the qualified voters of the Town of Franklinton. In contrast, the Franklinton Board of Aldermen may on its own motion call a local option election to prohibit Sunday sales of alcoholic beverages, pursuant to La.R.S. 51:191. The law provides no other procedures regarding amendment of a wet/dry ordinance or a Sunday closing ordinance.
VI. Is there a uniform definition of restaurants used insituations such as our own that would allow forconsumption at dine-in establishments only, while at the same timeprohibiting barroom establishments?
If the voters reject Proposition 3 as provided in La.R.S. 26:588(A), (pertaining to premises other than restaurants, i.e., bars), and approve Proposition 5 as provided in La.R.S. 26:588(A), (pertaining to restaurants), this goal would be accomplished.
VII. Conclusions.
It is the opinion of this office that the sale of liquor for consumption on the premises is prohibited in the Town of Franklinton, while the package sale of liquor for consumption off the premises is permitted. The sale of beer for consumption on the premises is permitted and the package sale of beer is permitted in the Town of Franklinton. Currently, no valid Sunday closing ordinance exists in the Town of Franklinton, and for that reason the sale of *Page 8 
alcoholic beverages permitted by Ordinance No. 680 are permitted on all days during the week, including Sundays. Twenty-five percent of the Franklinton electorate must petition for a local option election to be held in order to amend the town's wet/dry ordinance, in compliance with the Local Option Law, La.R.S. 26:581, etseq. The Franklinton Board of Aldermen may on its own motion call a local option election to prohibit Sunday sales of alcoholic beverages pursuant to La.R.S. 51:191.
Finally, we are aware of ongoing litigation concerning the wet or dry status of a portion of Ward 3 (which is dry) which has been merged into parish Election District 6 (which is wet).[11] Because this portion of Ward 3 is outside the municipal limits of the Town of Franklinton, we are currently advised that there are no issues in that litigation which would affect our conclusions in this opinion.
Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 26:582 provides ". . . the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward . . ." Shortly after the 1976 wet/dry election, this office advised the Town of Franklinton that "the calling of the election by the Washington Parish Police Jury for Ward Three automatically included a call for the election in Franklinton, the results of which is to be separately tabulated and separately binding." See La. Atty. Gen. Op. 76-414, citing Hollan v. PoliceJury of Webster Parish, 134 So.2d 132 (La.App. 2d Cir. 1961) andCartwright v. Police Jury of Bossier Parish,106 So.2d 842 (La. App. 1959). In subsequent jurisprudence interpreting La.R.S. 26:582, the Second Circuit stated "the statute contemplates one ward-wide election with the issues separately determined for the municipality and for the unincorporated balance of the ward." Boykin v. DeSoto Parish Police Jury,359 So.2d 239 (La.App. 2d Cir. 1978) at 242, citing Williams v.Town of Many, 350 So.2d 224 (La.App. 3d Cir. 1977), writrefused, 351 So.2d 1205 (La. 1977); Niette v. NatchitochesParish Police Jury, 348 So.2d 162 (La.App. 3d Cir. 1977),writ refused, 351 So.2d 160 (La. 1977); and Hollan,supra; see also McGee v. Police Jury of Caddo Parish,225 La. 471, 73 So.2d 424 (La. 1954).
[2] La.R.S. 26:594 provides "the governing authority calling the election shall promulgate the result by resolution or ordinance adopted at its first regular meeting after the election and shall publish it in the official journal of the parish."
[3] See La.R.S. 26:582(A).
[4] See also Outpost Travel Centers v. Webster Parish PoliceJury, 44,738 (La. App. 2 Cir. 8/19/09) 2009 WL 2517094;Tolar v. State, 315 So.2d 22 (La. 1975); Froeba v. State,Department of Public Safety, Office of Alcoholic BeverageControl, 369 So.2d 727 (La. App. 3d Cir. 1979), writdenied, 371 So.2d 615 (La. 1979).
[5] See City of Zwolle v. Polk, 93-1102 (La. App. 3 Cir. 9/14/94) 643 So.2d 201, writ denied, 94-2553 (La. 1/13/95) 648 So.2d 1339; and Pappy's Investment Groupof Lake Charles, Inc. v. City of Lake Charles, 96-411 (La. App. 3 Cir. 7/24/96) 677 So.2d 1145, 146, writdenied, 96-2156 (La. 9/13/96) 679 So.2d 112.
[6] Id.
[7] Id.
[8] See La.R.S. 26:582(A); see also La. Atty. Gen. Op. 77-821.
[9] In accord are La. Atty. Gen. Ops. 09-0082 and 04-0086.
[10] See La. Atty. Gen. Ops. 84-300 and 83-79.
[11] See Deer Enterprises v. Parish Council of Washington, Docket No. 99,580-1, filed in the Twenty-Second Judicial Court, before Judge Reginald R. Badineaux, III.